MARIE MACCARONE *v.* JOHN J. HAWLEY
(3824)

HULL, BORDEN and DALY, Js.

Argued December 13, 1985—decision released April 15, 1986

*Charles B. Higgins,* with whom, on the brief, was *H. Bissell Carey III,* for the appellant (named defendant-third party plaintiff).

*Jack D. Miller,* with whom, on the brief, was *David W. Cooney,* for the appellee (third party defendant Veterinary Clinic of West Hartford, P.C.).

BORDEN, J. This case arises from a claim that a dog, owned by the defendant and being boarded by the Veterinary Clinic of West Hartford, P.C. (the Clinic), bit the plaintiff, an employee of the Clinic. The defend-

ant appeals from a judgment rendered after the trial court granted the Clinic's motion to strike the defendant's third party complaint against the Clinic. The issues involve whether the first count of the third party complaint alleges a viable cause of action for indemnity, and whether the dog-bite statute; General Statutes § 22-357; provides the owner of a dog with an implied right of indemnity against the keeper of the dog.

The plaintiff's complaint against the defendant alleged that the defendant was the owner and keeper of a dog which was being kept at the premises of the Clinic, that the plaintiff, who was working at the Clinic, was bitten by the dog, and that the defendant was therefore liable to the plaintiff pursuant to General Statutes § 22-357.[1] The defendant filed a third party complaint against the Clinic for indemnity. The first count of the third party complaint alleged that, prior to the date of the plaintiff's injuries, the defendant had contracted with the Clinic to board, kennel, feed, groom and treat the dog while the defendant was out of the state, and that as part of the contract the Clinic agreed to exercise dominion and control over the dog to the extent necessary to prevent it from harming others. It further alleged that the defendant delivered the dog to the Clinic pursuant to the contract, and that, if it is determined that the dog injured the plaintiff, the plaintiff's injuries were solely and actually caused by the breach of contract by the Clinic in that it failed to exercise the dominion and control necessary to prevent it from harming the plaintiff. The second count reasserted the allegations of the first count, except those

[1] General Statutes § 22-357 provides in pertinent part: "If any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage . . . ."

General Statutes § 22-327 provides in pertinent part: " 'keeper' means any person, other than the owner, harboring or having in his possession any dog . . . ."

allegations that the plaintiff's injuries were caused by the Clinic's breach of contract. In place of those allegations, the second count alleged that the Clinic was the "keeper" of the dog as that term is used in General Statutes § 22-357, in that it was exercising exclusive dominion and control over the dog to the exclusion of the defendant. Both counts sought a judgment that if the defendant is liable to the plaintiff, then the Clinic is liable to the defendant to the extent of such liability, plus costs and attorney's fees in defending the plaintiff's action.

The Clinic moved to strike the third party complaint. The trial court granted the motion as to both counts. Upon the failure of the defendant to plead over, judgment was rendered striking the third party complaint, from which the defendant appeals.

I

We begin our analysis of this case by noting that in this factual context both counts of the third party complaint are affected by principles of the Workers' Compensation Act which limit the Clinic's liability as an employer. The underlying complaint of the plaintiff, the validity of which is not involved in this appeal, alleges that she was injured by the defendant's dog on the premises of the Clinic while she was working at the Clinic. Although the defendant, in his answer, denied those allegations, his third party complaint is premised on the plaintiff's prevailing against him on her complaint. Thus, for purposes of the motion to strike the third party complaint, we must view this as a case in which a third party, namely the defendant, seeks indemnity from an employer, namely the Clinic, for injuries suffered by the employer's employee in the course of his employment. In this factual and procedural context, the governing rule is that "[a]bsent an independent legal relationship, a third party's action

against an employer for indemnification is barred by the Workers' Compensation Act. *Ranta* v. *Bethlehem Steel Corporation,* 287 F. Sup. 111, 113 (D. Conn. 1968); *Stevens* v. *Polinsky,* 32 Conn. Sup. 96, 102, 341 A.2d 25 (1974)." *Mable* v. *Bass Transportation Co.,* 40 Conn. Sup. 253, 258, 490 A.2d 548 (1985), adopted as opinion of the Appellate Court in *Mable* v. *Bass Transportation Co.,* 3 Conn. App. 547, 490 A.2d 538 (1985). Thus, the question under each count of the third party complaint is whether the defendant has sufficiently alleged an independent legal relationship between him and the Clinic to avoid the bar of the Workers' Compensation Act.

## II

As to the first count of the third party complaint, the allegations sufficiently spell out an independent legal relationship, namely, an express contract the breach of which gives rise to indemnity. These allegations are that the defendant "contracted with the Clinic to board, kennel, feed, groom and treat" the dog. They state that "[a]s a part of its obligations under said contract, for which good and valuable consideration was paid by [the defendant], the Clinic agreed to exercise dominion and control over said dog to the extent necessary and required to prevent it from causing harm or injury to others during the term of said contract." They further allege: "If it is determined that said dog caused plaintiff's injuries, said injuries were solely and actually caused by the breach of said contract by the Clinic in that it failed to exercise the dominion and control over said dog reasonably necessary and required to prevent it from doing harm to the plaintiff, all as required under its contract with [the defendant]."

These allegations, taken as true for purposes of the motion to strike, state a claim for indemnity by way of a specific breach of an express contract obligation.

That theory is supported by *Mable* v. *Bass Transportation Co.,* supra, and by the implications of *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 409–11, 207 A.2d 732 (1965) (breach of express contract obligation may give rise to action for indemnity between tortfeasors), and of *Therrien* v. *Safeguard Mfg. Co.,* 180 Conn. 91, 94–95, 428 A.2d 808 (1980). See also *Ranta* v. *Bethlehem Steel Corporation,* supra; *Farm Bureau Mutual Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.,* 141 Conn. 539, 107 A.2d 406 (1954).

### III

As to the second count of the third party complaint, the independent legal relationship asserted by the defendant is an implied right of indemnity under the dog-bite statute. The defendant claims that the dog-bite statute imposes an implied obligation on the keeper, alleged to be in the exclusive control of the dog, to indemnify the owner of the dog for liability in damages based on injuries to a third party caused by the dog. We disagree.

There is no language in the statute which reasonably suggests such an implied obligation. Indeed, the history and purpose of the statute suggest that the keeper should not be required to indemnify the owner.

The statute creates strict liability in the owner or keeper to third parties for injuries caused by a dog. Its purpose is "to abrogate the common-law doctrine of *scienter* as applied to damage by dogs to persons and property, so that liability of the owner or keeper became no longer dependent upon his knowledge of the dog's ferocity or mischievous propensity . . . ." *Grannis* v. *Weber,* 107 Conn. 622, 625, 141 A. 877 (1928). It is an example of the common law principle that, as between two innocent persons, namely the injured third party and the owner or keeper, the loss

should fall on the one who caused it, rather than on the one who had no part in doing so. Id.

Thus, the statute does not make fault a factor in determining whether an owner or keeper should be responsible to an injured third party. The owner or keeper must pay the injured party, not because he was at fault in not properly controlling the dog or in not being aware of the dog's potential for harm, but because justice and social policy require that he bear the loss rather than the injured third party.

Applying analogous principles to this case, the issue is whether, as between two parties without fault, namely the owner and the keeper, the owner or the keeper should bear the loss. We conclude that if there is to be any shift of responsibility it should ultimately rest on the owner. The allegation of the defendant's third party complaint is that he put the dog in the Clinic's possession, at which time the dog bit the plaintiff. Merely by shifting possession of his dog to a temporary keeper, the owner should not also be able to shift to that keeper his liability for injuries caused by his dog. The fact that the Clinic had physical possession, and thus an arguably greater potential to control the dog, is not sufficient to shift the basis of legal liability to the keeper. The liability of either owner or keeper under the statute is imposed even if the keeper takes all reasonable measures to control the dog. Thus, the keeper's degree of control, or lack of control, is irrelevant.

We analogize this case to the situation of a manufacturer of a defective product who distributes it in the chain of commerce. Although a party down the chain, e.g., the middleman or retail seller, may seek indemnification from the manufacturer, the manufacturer ordinarily cannot seek indemnification from a party down the chain of distribution. See, e.g., *Therrien* v. *Safeguard Mfg. Co.*, supra, 95. In the present case, the

owner of a dog with a potential for harm is analogous to the manufacturer of a defective product. When he puts his dog in the possession of someone else, the law should not impose on that keeper the obligation to indemnify the owner for injuries caused by his dog.

We reject the owner's argument that, because the statute imposes alternative liability between owner and keeper, the owner is entitled to indemnification from the keeper. In this case, we need not decide whether the liability to an injured third party under the dog-bite statute is strictly in the alternative, or whether such an injured third party can recover against both the owner and keeper upon proof that each defendant is either an "owner or keeper." See footnote 1, supra; compare *Bailey* v. *Desanti,* 36 Conn. Sup. 156, 414 A.2d 1187 (1980), with *Larson* v. *MacDonald,* 5 Conn. Sup. 150 (1937). That question is not determinative of whether the statute imposes on a keeper of a dog an implied obligation of indemnity in favor of the owner of the dog.

There is error in part, the judgment is set aside as to the first count only and the case is remanded for further proceedings on that count acccording to law.

In this opinion the other judges concurred.