[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By amended complaint dated July 5, 1990, plaintiff Joseph A. Minnitti filed a three count action against defendants Michael Telesca, Anthony Telesca and/or Michael Telesca, Trustee and Peter C. DelMastro. It is alleged that on November 1, 1987 the plaintiff Minnitti was operating his motorcycle in the southbound lane of Maple Hill Road in Naugatuck. Defendant DelMastro was operating a vehicle in front of Minnitti's motorcycle when he encountered a dog owned by the Telesca's in the road, causing DelMastro to come to a stop or near stop. Minnitti's motorcycle CT Page 2210 struck the rear of DelMastro's vehicle, resulting in injuries and damages. Count one claims that the injuries to Minnitti were caused by the Telesca's dog in violation of Connecticut General Statutes Section 22-357. Plaintiff has also affirmatively pleaded that at the time of the incident and the resulting injury, he was not committing a trespass or other tort nor teasing, tormenting or abusing said dog.
Count two is a common law negligence action against the Telescas based upon their alleged failure to properly control the dog in question. Count three is a negligence action against DelMastro, the driver of the auto struck by Minnitti.
The defendants Telesca filed an answer on July 18, 1990 and asserted by way of special defense to counts one and two a defense sounding in contributory negligence. Plaintiff Minnitti moves the court to strike the Telesca's special defense to the first count of the amended complaint, arguing Section 22-357 does not allow the defense of contributory negligence to be asserted to an action under the statute.
Memoranda in support and opposition to the motion have been filed by the respective parties.
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Dorian v. Waterbury Parking Authority,35 Conn. Sup. 280, 281 (Super Ct. 1979); Connecticut Practice Book Section 152(5). "[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278
(1988).
Connecticut General Statutes Section 22-357 states it's entirety:
 If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor CT Page 2211 was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action.
Id.
"The statute [Section 22-357] creates a cause of action that did not exist at common law." Schonwald v. Tapp, 142 Conn. 719,722 (1955). Section 22-357 "creates strict liability in the owner or keeper to third parties for injuries caused by a dog. Maccarone v. Hawley, 7 Conn. App. 19, 24 (1986).
 [T]he statute does not make fault a factor in determining whether an owner or keeper should be responsible to an injured third party. The owner or keeper must pay the injured party, not because he was at fault in not properly controlling the dog or in not being aware of the dog's potential for harm, but because justice and social policy require that he bear the loss rather than the injured third party. Id.
Under the so-called dog bite statute,
 The only exception to the liability of the owner or keeper of a dog for damage done by it is when, at the time, the injured person was "committing a trespass or other tort", and this we have construed as confined to trespass or torts committed upon the person or property of the owner or keeper of his family, which the dog would instinctively defend and protect, other torts of a like nature, and torts against the dog itself of a nature calculated to incite it to defensive action by use of its natural weapons of defense. Conduct not within these limitations, although it might be held contributorily negligent in the broad sense of that term, is not a defense to an action brought under this statute.
McCarthy v. Daunis, 117 Conn. 307, 310 (1933) (citations omitted).
In the face of the explicit language found in more recent Appellate authority, the dicta relied upon by the defendant Telescas found in Granniss v. Weber, 107 Conn. 622 (1928) CT Page 2212 (supporting the allowance of a defense based upon contributory negligence to an action brought pursuant to Section 22-357) is unpersuasive. Plaintiff Minnitti's motion to strike the defendants Michael Telesca, Anthony Telesca and/or Michael Telesca, Trustee's special defense to the first count of plaintiff's amended complaint is granted.
So ordered.
LANGENBACH, J.