[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE REVISED COUNTERCLAIM
The plaintiff, Richard J. Quirk was employed by the intervening plaintiff, Grid Building Company ("GRID"). Grid CT Page 4782 entered an oral agreement with the defendant, John Belfonti, to do renovations and construct an addition to Belfonti's home. Plaintiff Quirk alleges he was injured while working as an employee of Grid on the said addition.
Quirk brought this action against Belfonti and against defendant Swanson, alleged to be an architect who planned and oversaw the renovation work on the Belfonti home. After Quirk commenced this action Grid intervened as co-plaintiff seeking reimbursement from any damages recovered by Quirk for payments made by Grid to or on behalf of Quirk under the Workers' Compensation Act (General Statutes, Chapter 568).
Belfonti has filed a revised counterclaim seeking indemnification from Grid. Belfonti alleges that he and Grid entered into an oral agreement whereby Grid agreed to undertake the said construction activities at Belfonti's home; that such work was done negligently by Grid in breach of an implied duty to perform that work in a safe and workmanlike fashion; and that Grid's negligence, rather than any negligence by Belfonti, was the direct, proximate and immediate cause of any injuries suffered by Quirk.
Grid now files its motion to strike the revised counterclaim on the ground that said action is barred by the worker's compensation act.
 II
Grid recognizes that General Statutes 31-284 does not necessarily furnish the exclusive remedy against employers in the context of a negligence action. Ferryman v. Groton, 212 Conn. 138, 146. Grid acknowledges that "indemnity by way of a specific breach of an express contract obligation is legally sufficient to avoid the Workers' Compensation Act bar." Maccarone v. Hawley,7 Conn. App. 19, 23. Grid concedes the existence of an express, oral contract between Belfonti and Grid to perform certain construction work.
Grid argues, however, that because the breach alleged by Belfonti is not that of an express contract obligation, but rather of an implied obligation not to perform the work negligently, the workmen's compensation act bar applies.
Grid places such weight on the distinction between express and implied that its argument collapses.
Ferryman stands, not for the proposition that indemnity based on an implied promise is barred by the workers' compensation act, rather Ferryman holds that where, allegations of CT Page 4783 a third party complaint are facially sufficient to establish an independent relationship between a third party plaintiff and a third party defendant, a relationship that goes beyond the active/passive negligence relationship found in Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, such third party complaint is not barred by General Statutes 31-284. Ferryman v. Groton, supra, at 146.
Here, as in Ferryman, the third party complaint was "carefully drawn" (Ferryman at 143) "so as to allege circumstances that would give rise to the Kaplan doctrine." Allegations based solely on the Kaplan doctrine would be inadequate (Ferryman at 144) to establish the requisite independent relationship. But here, as in Ferryman, there are other allegations sufficient, if proven, to establish an independent duty by Grid toward Belfonti. In deciding this motion to strike these allegations must be viewed in the light most favorable to the pleader. Benson v. Housing Authority,145 Conn. 196, 199.
The third party defendant, intervening plaintiff's, Grid Construction Company's motion to strike revised counterclaim, is accordingly denied.
JOHN T. DOWNEY, JUDGE