[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF INTERVENING PLAINTIFF
In the underlying action the plaintiff Shawn Scribner brings a two-count complaint against the defendant Hartford Steel Erectors, Inc., alleging that he was injured while working as an employee of White Oak Corporation on a job site in Windsor Locks, Connecticut at the Dexter-Coffin Bridge. The plaintiff Scribner alleges that his injuries and damages were caused by the negligence (count one) or recklessness (count two) of the defendant Hartford Steel.
On September 11, 1989, the plaintiff Scribner's employer, White Oak Corporation, was permitted to intervene as a plaintiff seeking to recover sums paid to the plaintiff Scribner pursuant to the Workers' Compensation Act. In its complaint the intervening plaintiff alleges that the plaintiff Scribner's injuries were caused by the negligence (count one) or recklessness (count two) of the defendant Hartford Steel.
On October 19, 1989, the defendant Hartford Steel filed an amended special defense and counterclaim in response to the intervening plaintiff's complaint. In the special defense the defendant alleges that any injuries or damages sustained by the plaintiff Scribner were proximately caused by the negligence of the intervening plaintiff. In the counterclaim the defendant seeks indemnification by the intervening plaintiff for any judgment rendered against the defendant in favor of the plaintiff Scribner.
On June 26, 1990, the intervening plaintiff filed a motion to strike the aforesaid special defense and counterclaim, arguing that they are barred by the exclusive remedy provisions of Connecticut General Statutes section 31-284. The defendant argues in response that a contractor subcontractor relationship exists between the parties, which is sufficient to support a claim for indemnification against the intervening plaintiff. Memoranda of law in support of and in opposition to the motion to strike have been filed in CT Page 637 accordance with Connecticut Practice Book section 155.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). If facts provable under the allegations of the pleading would support a cause of action or defense, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138,142 (1989).
Legal Sufficiency of Counterclaim
When a defendant, in a suit by an employee, seeks recovery from a contributorily negligent employer, indemnification is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause of the Worker's Compensation Act. Ferryman v. Groton,212 Conn. 138, 144 (1989); see also Maccarone v. Hawley,7 Conn. App. 19, 22-23 (1986). The exception to this general rule is "if the employer can be said to have breached an independent duty toward the (defendant), or if there is a basis for finding an implied promise of indemnity. . ." Ferryman v. Groton, 212 Conn. 138, 144-145 (1989). Allegations based solely on the principles of "active or primary negligence" versus "passive or secondary negligence" as set forth in Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 415 (1965), are inadequate to establish the independent relationship that would obviate the operation of the exclusive remedy provision. Ferryman v. Groton, 212 Conn. 138, 145.
In its amended counterclaim the defendant alleges that the intervening plaintiff/employer was in control of the work site to the exclusion of the defendant Hartford Steel (counterclaim at paragraph 9); that the intervening plaintiff/employer was negligent in failing to provide a safe environment for its employees, failing to provide adequate safety training to its employees, failing to provide adequate supervision, negligently installing the concrete forms in question, and failing to warn the plaintiff (counterclaim at paragraph 10); and that the plaintiff's injuries were the direct and immediate result of the intervening plaintiff/employer's negligence and not the result of any action or omission on the part of the defendant (counterclaim at paragraph 11).
Although the defendant in its memorandum in opposition to the motion to strike represents that there was a general contractor/subcontractor relationship between the employer and the defendant, it is noted that the counterclaim contains no such allegation. The court may not look beyond the counterclaim for facts not alleged. See Cavallo v. Derby CT Page 638 Savings Bank, 188 Conn. 281, 285-6 (1982).
The counterclaim contains no allegation that the employer breached any duty owed to the defendant, as opposed to the plaintiff employee, from which an independent relationship between the employer and the defendant could be inferred. Further, the counterclaim sets forth no basis for a finding of an implied promise on the part of the employer to indemnify the defendant. Finally, the mere allegation that the employer was in exclusive control of the work site is insufficient to preclude the operation of the exclusive remedy provision under the Ferryman analysis. Accordingly, the intervening plaintiff's motion to strike the defendant's counterclaim is granted.
Legal Sufficiency of Special Defense
In its special defense to the intervening plaintiff's complaint, the defendant alleges that any injuries sustained by the plaintiff were proximately caused by the negligence of the intervening plaintiff/employer. This defense is not barred by the application of the exclusive remedy provision of the Workers' Compensation Act, Connecticut General Statutes section 31-284 (a), for the simple reason that a defense is not an action for damages.
The relevant section of the Workers' Compensation Act provides: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . ." Connecticut General Statutes section 31-284 (a) (emphasis added).
The sole authority cited by the intervening plaintiff in support of its motion to strike is the decision in Ferryman v. Groton, supra, which, it is noted, concerned a motion to strike a third party complaint seeking indemnification. Ferryman v. Groton, 212 Conn. 138, 141
(1989). The intervening plaintiff has not advanced any rationale for finding that the defendant's special defense equates to an action for damages such that it is barred by the Workers' Compensation Act. Consequently, the motion to strike the defendant's special defense is denied.
LEUBA, J.