[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Charles Johnson, it is alleged, parked his car in a no-parking zone in such a way as to block the parked car of Gloria Hubbell. When Gloria Hubbell found she could not move her car, Ronald Gently attempted to help her by getting behind the wheel of her car and maneuvering it so as to extricate it from the blocked space. Unfortunately, Mr. Gently's name does not describe his driving technique. Mr. Johnson's car was struck and damaged, and this lawsuit resulted. CT Page 4290
The plaintiff Johnson has alleged negligence against both Hubbell and Gently. Hubbell has filed a cross-claim for indemnification against Gently, alleging that any damage was solely Gently's fault and that she could not reasonably anticipate that Gently would act in such a manner. Gently has moved to strike the cross-claim, citing the failure of Hubbell to allege any independent legal relationship between herself and Gently which would support a claim for indemnification.
There is ordinarily no right of indemnity between joint tortfeasors. Ferryman v. Groton, 212 Conn. 138 (1989). An exception exists when one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely on the former not to commit a wrong. Preferred Accident Ins. Co. v. Musante, Berman Steinberg Co., 133 Conn. 536, 543 (1947). Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Atkinson v. Berloni,23 Conn. App. 325 (1990). Such a duty may arise from the joint ownership of property alleged to be the site of the negligence, Ferryman, supra, from an express contract, Maccarone v. Hawley,7 Conn. App. 19 (1986), or from a lease contract for an automobile, Farm Bureau Mutual Automobile Insurance Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539 (1954). The duty must be an independent one, "not simply an active/passive negligence relationship," which the courts have concluded is inadequate to support indemnification. Ferryman, supra, at 144.
Here Hubbell has alleged no legal relationship to support her claim. Rather, in her answer, Hubbell has denied that Gently was her agent, has denied that he had permission to operate her automobile, and has alleged that Gently acted "without invitation or permission" in coming to her aid. Revised Cross-Claim, para. 4.
Hubbell contends in her opposition to the motion to strike that she has alleged sufficient facts to place Mr. Gently in the legally recognized position of a "rescuer," citing Cote v. Palmer,127 Conn. 321 (1941). The rescue doctrine does not save Ms. Hubbell for two reasons. As used in the Restatement (Second) of Torts, 472, and in Cote, supra, rescue involves exposing oneself to danger, a condition manifestly absent from the blocked parking space situation which at most involves maddening inconvenience rather than bodily peril. Secondly, the rescue doctrine involves CT Page 4291 the standard of behavior to which the allegedly negligent party is required to conform, Restatement (Second) of Torts 463, scope note, and 466 cmt. f. (1965), and does not define the independent legal relationship of the parties. The doctrine is simply inapplicable here.
Ms. Hubbell has alleged no facts from which the court can infer an independent legal relationship giving rise to a right to indemnification.
The defendant Gently's Motion to Strike the Revised Cross-Claim for Indemnification is granted.
PATTY JENKINS PITTMAN, J.