[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STRIKE REVISED THIRD-PARTY PLAINTIFF'S COMPLAINT AND ON OBJECTION TO MOTION TO STRIKE
The plaintiffs, Joseph Rutledge and Monique Rutledge, filed a complaint on December 12, 1991, seeking to recover for the injuries sustained by Joseph Rutledge as a result of a slip and fall on the premises owned by the defendant (third-party plaintiff) Town Fair Tires Center, Inc. ("Town Fair"). The plaintiffs allege that Joseph Rutledge's injuries were caused by Town Fair's failure to remove accumulated ice and snow from its premises.
On May 17, 1992, the court (Lewis, J.) granted Town Fair's motion to implead third-party defendant James Higinbotham, d/b/a Ground Crew Landscaping ("Higinbotham"). By way of its revised third-party complaint, filed on October 9, 1992, Town Fair asserts a common law indemnification claim against Higinbotham, and alleges that Higinbotham had orally agreed to remove ice and snow from Town Fair's premises. Town Fair also alleges that Higinbotham was negligent in failing to remove the ice and snow from its premises, and that Higinbotham's negligence was the proximate cause of the plaintiff's alleged injuries.
On October 29, 1992, Higinbotham filed a motion to strike (#120) Town Fair's revised third-party complaint on the grounds that it fails to set forth the elements of a legally sufficient claim for indemnification. Town Fair filed a memorandum of law in opposition CT Page 4750 (#122) on November 12, 1992.
A motion to strike challenges the legal sufficiency of the allegations of any complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book 152(1); Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all facts well-pleaded; Mingachos v. CBS, Inc., 195 Conn. 91, 108, 491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 522 A.2d 1235 (1987). In ruling upon a motion to strike, the test is whether, if the facts alleged are taken to be true, the allegations provide a cause of action. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992).
In support of his motion to strike, Higinbotham argues that Town Fair's revised third-party complaint fails to set forth the elements of a common law indemnification claim as: (1) there is no factual basis to support the allegation that Higinbotham had exclusive control of the "premises"; and (2) there is no allegation that Higinbotham owed a legal duty to Town Fair. Ordinarily, the question of whether one alleged tortfeasor is liable to indemnify another is one of fact, Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573-74
(1988), and not appropriate for disposition on a motion to strike. Atkinson v. Berloni, 23 Conn. App. 325, 328, 580 A.2d 84 (1990). However, Higinbotham's latter claim has been considered appropriate to raise by motion to strike. Id. at 328-30.
An implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412,207 A.2d 732 (1965). Indemnification is permitted in tort actions involving allegations of active/passive negligence. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 198, 554 A.2d 287 (1989), citing Kaplan, supra, 415. In order to successfully plead active/passive negligence, the party must allege facts sufficient to prove the following:
(1) the other party was negligent;
 (2) the other party's negligence was the direct and primary, immediate cause of the injury;
(3) the other party was in exclusive control CT Page 4751 over the situation; and
 (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely on the other party to act without negligence.
See, e.g., Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65,74, 579 A.2d 26 (1990). In Atkinson v. Berloni,23 Conn. App. at 327, the Appellate Court noted that "the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty," is implicit in indemnification cases.
Town Fair's third-party complaint contains the following allegations:
 (1) that the plaintiffs' alleged injuries were "the result of the negligence of [Higinbotham] for failing to remove . . . ice and/or snow. . . ." (para. 3.);
 (2) that Higinbotham's negligence "was the direct and proximate cause of the plaintiffs' alleged injuries in that [he] failed . . . to remove . . . ice and/or snow. . . ." (para. 4.);
 (3) that Higinbotham "was in exclusive control of the situation . . . in that [Higinbotham] was solely responsible . . . for the removal of . . . ice and/or snow. . . ." (para. 5.); and
 (4) that Town Fair "did not know of [Higinbotham's] negligence and had no reason to anticipate it and could reasonably rely upon [Higinbotham] not to be negligent." (para. 6.).
Thus, Town Fair's revised third-party complaint contains the elements of a legally sufficient active/passive negligence claim pursuant to Burkert v. Petrol Plus, supra, 74.
Higinbotham further contends that Town Fair has failed to CT Page 4752 allege the existence of an independent legal relationship between the parties. In paragraph 2 of its revised third-party complaint, Town Fair alleges that "[a]t said time and place of the plaintiff's fall, [Higinbotham] . . . was obligated pursuant to an oral agreement . . . to remove . . . any accumulation of ice and/or snow" from Town Fair's premises. In paragraph 5, Town Fair alleges that Higinbotham "was in exclusive control of the situation to the exclusion of [Town Fair]," and "was solely responsible . . . for the removal of . . . ice and/or snow . . . pursuant to any oral agreement" between the parties.
The element of an independent legal relationship may be based on contractual relationship between the third-party plaintiff and the third-party defendant. See Burkert v. Petrol Plus, supra; Malerba v. Cessna Aircraft Co., supra, Beaudoin v. Town Oil Co., 207 Conn. 575,542 A.2d 1124 (1988); Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539, 107 A.2d 406 (1954); Maccarone v. Hawley, 7 Conn. App. 19, 507 A.2d 506 (1986). Town Fair's revised third-party complaint contains allegations of an independent legal relationship based on its alleged oral agreement with Higinbotham.
Town Fair has pled all the elements necessary to state a legally sufficient claim for common law indemnification. Accordingly, Higinbotham's motion to strike Town Fair's revised third-party complaint is denied and Town Fair's objection to the motion to strike is sustained.
LINDA K. LAGER, JUDGE