[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Factual Background
The plaintiff Deborah Seavey, filed this action alleging that on or about June 11, 1991, while she was driving on Elm Street in Enfield, a live power line fell onto her automobile causing injuries to her and damage to her automobile.
In the first count of the amended complaint, she alleges that the defendant, Northeast Utilities Co., controlled and was in possession of the utility line and that her injuries were caused by the defendant's negligence in failing to inspect, test or repair the utility line, in failing to warn her, or in failing to institute safety measures to prevent the power line from falling. In the second count of the amended complaint, the plaintiff incorporates the above paragraphs of the first count, and further alleges that in the ordinary instance, no injury would result unless there was careless construction, inspection, or use of the power lines. The plaintiff also specifically disclaims any negligence on her part. Simply put, she has plead res ipsa loquitur. The defendant has now filed this motion to strike the second count of the plaintiff's amended complaint.
 II.
Discussion
 A.
A motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). A motion to strike admits all facts well-pleaded and those necessarily implied from the allegations. Id. The court "must take CT Page 164 the facts to be those alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency." Warner v. Konover, 210 Conn. 150,152 (1989). If the facts provable under the allegations would support a cause of action, the motion must fail. Mingachos v. CBS Inc., 196 Conn. 91, 108-09 (1985).
 B.
In the present case, the defendant argues that the doctrine of res ipsa loquitur does not apply to the distribution of electrical power. It maintains that because the second count of the complaint does not allege a specific act or omission constituting negligence, the motion to strike this count should be granted.
In Malvicini v. Stratfield Motor Hotel, Inc.,206 Conn. 439, 441 — 442 (1988), quoting Schurgast v. Schumann,156 Conn. 471, 479 (1968), the court stated:
 The doctrine of res ipsa loquitur, literally "the thing speaks for itself," permits a jury to infer negligence when no direct evidence of negligence has been introduced. . . . [It] is a rule of common sense and not a rule of law which dispenses with proof of negligence. It is a convenient formula for saying that a plaintiff may, in some cases, sustain the burden of proving that the defendant was more probably negligent than not, by showing how the accident occurred, without offering any evidence to show why it occurred.
The three conditions under which the doctrine of res ipsa loquitur might apply are:
 (1) The situation, condition or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction inspection or user. (2) Both inspection and user must have been at the time of the injury in the control of the party charged with the neglect. (3) The injurious occurrence CT Page 165 or condition must have happened irrespective of any voluntary action at the time by the party injured.
Schurgast v. Schumann, supra, 479.
The defendant's argument is essentially that even if the plaintiff were able to establish these three conditions, she could not succeed because the res ipsa loquitur doctrine can not be invoked against a utility company. The defendant relies heavily on Senderhoff v. Housatonic Public Service Co.,147 Conn. 18 (1959) and Lopes v. The Connecticut Light and Power Company, 145 Conn. 313 (1958) for this proposition. Neither of these cases, however, establish that res ipsa loquitur is inapplicable in actions against utility companies.
Senderhoff v. Housatonic Public Service Co., supra, involved an action for property damages suffered by the plaintiff following a power failure caused by an `overload' The Supreme Court remanded the case and directed the court to render judgment for the defendant due to the dearth of evidence proffered by the plaintiff concerning the defendant's role in causing the overload. The court noted that "[t]here was no evidence that the overload could or should have been anticipated by the defendant." Id., 21. "In short, there was no evidence of fault on the defendant's part." Id. Additionally, as Northeast Utilities points out, the Supreme Court noted in Senderhoff that the plaintiff made no claim under the doctrine of res ipsa loquitur. The court did not hold that such a claim would be inappropriate in an action against the defendant utility company.
In Lopes v. Connecticut Light Power Company, supra, the plaintiff's decedent was killed when electricity passed down the boom of a crane when it hit an overhead high tension wire. This case is also inapposite. As in Senderhoff, the plaintiff simply did not meet the burden of proving the utility company's negligence. The doctrine of res ipsa loquitur was not even discussed in the case.
The defendant finally cites Citerella v. United Illuminating Co., 158 Conn. 600 (1969), a case that has some factual similarity to the present case (the plaintiff was severely burned when she came in contact with one of the defendant's power lines which had fallen during a storm). In affirming the CT Page 166 judgment in favor of the defendant, the Supreme Court determined that liability could not be imposed merely because an injury may have been caused by one of the utility company's wires. Id., 607. It held that the trial judge had properly instructed the jury concerning the standard of care owed by the utility company pursuant to the applicable regulation of the public utilities commission.[1] Id.
The defendant herein relies on the language in Citerella to buttress its argument that utility companies are immune from res ipsa loquitur. Citerella does not stand for this proposition, however. Citerella concerns the applicable standard of care in cases involving utilities. The court simply decided that utilities are held to a high standard of care, but they are not insurers and thus are not strictly liable in tort. The court neither held nor implied that utilities are immune from the doctrine of res ipsa loquitur.
Because the distinction between strict liability and res ipsa loquitur can be a nebulous one, it merits consideration here. Judge Wright, in his treatise, describes the strict liability doctrine: The term strict liability is synonymous with "liability without fault." That is, in certain situations, although a defendant is guilty of no fault, he is nonetheless held liable for his actions. In the United States, the doctrine has largely been limited to ultrahazardous activities. Wright, Fitzgerald Ankerman, Conn. Law of Torts (3d Ed.), 121 p. 354. "Under this doctrine, a plaintiff is not required to show that his loss was caused by the defendant's negligence. It is sufficient to show only that the defendant engaged in an ultrahazardous activity that caused the defendant's loss." Green v. Ensign-Bickford Co., 25 Conn. App. 479 (1991).
When strict liability is imposed despite the absence of fault on the part of the defendant, "[i]t is an example of the common law principle that, as between two innocent persons, . . . the loss should fall on the one who caused it rather than on the one who had no part in doing so." Maccarone v. Hawley,7 Conn. App. 19, 24 (1986), citing Granniss v. Weber, 107 Conn. 622,625 (1928). The strict liability doctrine recognizes that, in certain situations "justice and social policy require that . . . [the defendant] bear the loss rather than the injured third party." Maccarone v. Hawley, supra, 25.
The element of fault is not disposed of when a plaintiff CT Page 167 relies on the doctrine of res ipsa loquitur. Where the three conditions to the applicability of this doctrine are present, the plaintiff can make out a prima facie case merely by showing the pertinent facts resulting in his injury. However, this does not create a presumption of negligence. Fallo v. New York, N.H. H.R. Co., 123 Conn. 81, 85 (1937). Rather, res ipsa loquitur allows, but does not require, the jury to infer negligence on the part of the defendant. The burden of proof remains with the plaintiff.
In the context of the present case, if strict liability were the applicable theory of liability, it would be imposed despite the absence of blameworthy conduct on the part of the defendant, and any evidence of proper precautions or non-negligent behavior would be unavailing. In Citerella, supra, however, the Supreme Court determined that utilities are not insurers, and are not strictly liable in tort.
The use of res ipsa loquitur in the present case merely allows for an inference of negligent behavior. The trier may accept or reject this inference. Moreover, the defendant is free to offer evidence to negate this inference of negligent conduct.
It would be anomalous to hold that a certain group, such as utility companies, were immune from the application of doctrine such as res ipsa loquitur. This doctrine is merely a specific application of the general rule that negligence can be proved by circumstantial evidence. Lowman v. Housing Authority,150 Conn. 665, 69-670 (1963). Indeed, one commentator has stated that "[a]ctions against electric companies for injuries or death from electric wires, equipment, or appliances, frequently afford an opportunity for the well established doctrine of res ipsa loquitur." 26 Am[.], Jur.2d 176 et. seq., at 387. Accordingly, there is no basis for concluding that it should be excluded in this case. Since the plaintiff alleges facts which, if proved, would establish the three conditions under which the doctrine of res ipsa loquitur might apply, the defendant's motion to strike is denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT