[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Janis Barr, brought this action for negligence against the defendants, Harbor Park Associates (Harbor Park), a partnership, and its two partners, Urbco, Inc. and Southport Stamford Associates Limited Partnership. The plaintiff alleges that she slipped and fell on a walkway that was uneven and not level on January 17, 1991, while on premises owned by Harbor Park and located on Ludlow Street in Stamford.
Harbor Park then brought a third-party complaint seeking indemnity against Hastings Pavement Co. (Hastings), as third-party defendant, pursuant to General Statutes § 52-102a, which permits a defendant to implead someone "who is or may be liable to him for all or part of the plaintiff's claim against him." Harbor Park, as the third-party plaintiff, alleged that Hastings manufactured and installed the concrete tiles for the CT Page 13275 covered walkway on which the plaintiff fell. Harbor Park further alleged that said defendant breached its implied warranties of merchantability and fitness for a particular purpose. Harbor Park also alleged that Hastings was primarily and actively negligent, as contrasted with Harbor Park's negligence, if any, which was described as secondary and passive, under the doctrine of Burkertv. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26
(1990), and Kaplan v. Merberg Wrecking Corp. , 152 Conn. 405, 415-16,207 A.2d 732 (1965).[1] The third-party plaintiff also claimed that Hastings had breached its contract with Harbor Park.
Harbor Park also moved at the same time to cite in Hastings as a defendant pursuant to General Statutes § 52-572h
(c),[2] which permits one defendant to join another as a party defendant for purposes of apportioning liability among multiple tortfeasors.[3] Harbor Park's cross complaint alleges that Hastings, as the manufacturer of the tiles, breached its implied warranties of merchantability and fitness for a particular purpose, as the tiles were alleged to have broken loose and to have cracked.
Hastings, citing Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,702, 535 A.2d 357 (1988), has moved (#142) to strike the cross complaint filed by Harbor Park on the ground that apportionment of liability among co-defendants pursuant to General Statutes § 52-572h is confined to actions based on negligence and does not apply to claims brought pursuant to Connecticut's Product Liability Act, General Statutes §52-572m et seq., which is the gravamen of the third-party complaint. The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989).
Although indemnity is unavailable in a products liability action where all the defendants are parties to the original action, an indemnity claim is permitted between a defendant/third-party plaintiff and a third-party defendant where the co-defendant was not originally named by the plaintiff.Atlantic Mutual Insurance Co. v Ford Products Corp.,2 Conn. L. Rptr. 228 (August 20, 1990, Lewis, J.); Malerba v. CessnaAircraft Co., 210 Conn. 189, 198-99, 554 A.2d 287 (1989). Hence, Hasting's motion to strike the cross complaint filed by Harbor Park is denied as Hastings was not named as a defendant in the original suit by the plaintiff. CT Page 13276
Harbor Park also impleaded Preis/Breismeister P. C. Architects (Preis/Breismeister), as a third-party defendant, pursuant to General Statutes § 52-102a, seeking indemnity for any judgment rendered against it in favor of the plaintiff. Harbor Park alleges that Preis/Breismeister was the architect that designed and chose the tiles for the walkway on which the plaintiff allegedly slipped and fell. The third-party complaint contains two counts. In the first count, Harbor Park repeats for the most part the same allegations directed against Hastings, including that the third-party defendant was in "sole control" of selecting the tiles used on the walkway to the "exclusion" of the third-party plaintiff. In the second count, Harbor Park alleges that Preis/Breismeister "breached its contract" with Harbor Park.
At the same time, Harbor Park cited Preis/Breismeister in to the case as a defendant for purposes of apportioning damages pursuant to General Statutes § 52-572h. Harbor Park alleges in its cross complaint, which contains two counts, that Preis/Breismeister was negligent in choosing the particular tiles for the walkway where plaintiff fell. In the second court, Harbor Park alleges a breach by Preis/Breismeister of its contract with Harbor Park.
The second motion to strike (#144) is by Preis/Breismeister and contends that neither the third-party complaint or the cross complaint allege sufficient facts to set forth a cause of action in negligence or breach of contract sufficient to justify a claim for indemnity or apportionment, respectively. This third-party defendant asserts that Harbor Park failed to allege that Preis/Breismeister was in exclusive control of the walkway on which the plaintiff claims she fell to the exclusion of the third-party plaintiff. Preis/Breismeister also argues that the claim for indemnity based on breach of contract is insufficient because it fails to give any details about the alleged contract. Preis/Breismeister also moves to strike the cross complaint on the same grounds, viz., failing to set forth a cause of action in either negligence or breach of contract.
The motion to strike the third party complaint against Preis/Breismeister is denied as Harbor Park alleged in its third party complaint, among other things, that the third party defendant was in exclusive control of designing the tiles for the walkway where the accident took place. Thus, Harbor Park has sufficiently asserted an active/passive claim under the rule ofKaplan v. Merberg Wrecking Corp., supra, 152 Conn. 416. In like CT Page 13277 manner, although the second count, regarding an alleged breach of contract, may have been a fit candidate for a request to revise, it certainly claims that the third party plaintiff and the third party defendant had a contract which was breached by Preis/Breismeister. The second count incorporates by reference the first count, which describes the contract as obliging Preis/Breismeister to design the walkway on the third party plaintiff's property, and to select the tile. By alleging a contract between the parties, Harbor Park has sufficiently alleged an independent legal relationship. See Maccarone v.Hawley, 7 Conn. App. 19, 23-24, 507 A.2d 506 (1986).
As to Preis/Breismeister's motion to strike the cross complaint, Harbor Park has sufficiently alleged that Preis/Breismeister may be liable to the plaintiff, and hence should be joined as a co-defendant for purposes of apportionment.
Thus, the latter's motion to strike the cross complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of November, 1995.
LEWIS, JUDGE