[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION #131
On May 16, 1994, the plaintiff, Justane McDougal, filed a complaint alleging a cause of action pursuant to General Statutes § 22-357, the dog bite statute, against the defendants, Thomas Ciamei, Marsha Ciamei and Jennifer Ciamei. The plaintiff alleges that on or about May 8, 1992, she was an invitee on the premises known as 7 Fernwood Road, Monroe, Connecticut. She alleges that she was knocked down and caused to fall by a dog owned and/or kept by these defendants.
On November 28, 1995, the defendants filed two motions to cite in and two apportionment complaints seeking to join other defendants for apportionment purposes. In one motion, the defendants seek to join John DeLucia, the owner of property known as 7 Fernwood Road, Monroe. The defendants claim that any injuries the plaintiff suffered were caused in part, if not in total, by the negligence of DeLucia. They claim that a defective sidewalk on DeLucia's property was the proximate cause of the plaintiff's injuries. In the other motion to cite in, the defendants seek to join, an unknown party, John or Jane Doe. The defendants claim that John and/or Jane were the owners of the dog CT Page 4010-VV who knocked down the plaintiff and caused her to fall. On December 11, 1995, the plaintiff filed an objection to the motion to cite in John DeLucia. On December 12, 1995, the plaintiff filed an objection to the motion to cite in John and/or Jane Doe.[1]
The right to cite in a party for apportionment purposes is provided in General Statutes § 52-102.[2] Section 52-102
provides that "[u]pon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."
The plaintiff argues that apportionment of John DeLucia is improper in this case for a number of reasons: (1) apportionment is not permitted in a strict liability case; (2) the statute of limitations for an apportionment complaint has expired; (3) the defendants have not provided a Writ, Summons and Complaint by which a claim may be served; (4) the apportionment method of service was incomplete and is more properly made by the plaintiff; and (5) the motion is untimely because the case was scheduled for trial the week of March 18, 1996. The plaintiff argues that apportionment of John and/or Jane Doe is improper for the reasons set out in the first objection, but add an additional ground that fictitious named parties are improper as to apportionment.
General Statutes § 52-572h, granting the right for apportionment of liability, provides that "(c) [i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable damages. "[A]ccording to its plain language, § 52-572h applies only to negligence actions." Belanger v. Village Pub I, Inc., 26 Conn. App. 509,513, 603 A.2d 1173 (1992). Therefore, § 52-572h does not apply to actions in strict liability.
General Statutes § 22-357 provides that "[i]f any dog CT Page 4010-WW does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage. . . . Section 22-357 creates strict liability in the owner or keeper to third parties for injuries caused by a dog. Maccarone v. Hawley,7 Conn. App. 19, 24, 507 A.2d 506 (1986). "[T]he only exception to the liability of the owner or keeper of a dog for damage done by it is when, at the time, the injured person was `committing a trespass or other tort', and this we have construed as confined to trespasses or torts committed upon the person or property of the owner or keeper of his family, which the dog would instinctively defend and protect, other torts of a like nature, and torts against the dog itself of a nature calculated to incite it to defensive action by use of its natural weapons of defense. . . . Conduct not within these limitations, although it might be held contributorily negligent in the broad sense of that term, is not a defense to an action brought under this statute." (Citations omitted.) McCarthy v. Daunis, 117 Conn. 307, 310,167 A.2d 918 (1933).
Citing in another party for apportionment of liability is not permitted in a strict liability action brought pursuant to §20-357 because apportionment of liability pursuant to § 52-572h
is only available in negligence actions. The defendants' motion to cite in John and/or Jane Doe must also fail for this reason. Accordingly, the motions to cite in party defendants is denied.