[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 19, 1996
This three-count complaint against the defendants, A. Rotondo Sons, Inc. (Rotondo) arose out of injuries sustained by plaintiff Allen Shields on July 15, 1992, while he was allegedly using a Model RT 40 Invecta Delta 14-inch tilting arbor saw. Shields was a temporary employee of the third-party defendant, Agentry Group (Agentry), and had been hired out by Agentry to Rotondo at the time of the accident. On August 29, 1995, Rotondo filed a third-party complaint for indemnification and apportionment against Delta International Machinery Corp., Inc. (Delta), alleging that Delta manufactured the defective arbor saw which was purchased by Rotondo.
On June 12, 1996, Delta filed this motion to strike Count one of Rotondo's third-party complaint because he has failed to establish that the alleged indemnitor owed that party a duty based on "an independent legal relationship," citing Atkinson v.Berloni, 23 Conn. App. 325 (1990).
 I
Although there is some authority for the view that this element is not necessary to bring an action for common law indemnification, i.e., Williams v. Hoffman/New Yorker, Inc.,
U.S.D.C. April 26, 1996, Nevas, J., and Commercial Union Ins. Co.v. City of New Haven, Superior Court, judicial district of New Haven, Docket No. 243717, 3 CONN. L. RPTR. 453 (April 10, 1991) (Dorsey, J.), the overwhelming weight of authority is in accord with Adams v. Berloni which requires the showing of an independent legal relationship. See, e.g., Burkert v. Petrol PlusCT Page 5396of Naugatuck, Inc., 216 Conn. 65, 579 A.2d 26 (1990) (contractual relationship between licensee and licensor); Malerba v. CessnaAircraft Co., 210 Conn. 189, 554 A.2d 287 (1989) (contractual relationship between owner and manufacturer of airplane);Beaudoin v. Town Oil Co., 207 Conn. 575, 542 A.2d 1124 (1988) (contractual relationship between owner of house and insulation contractor); Gino's Pizza of East Hartford, Inc. v. Kaplan,193 Conn. 135 (1984) (landlord tenant relationship). We conclude that, in order to be entitled to indemnification, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship.
 II
Rotondo argues that its third-party complaint alleges sufficient facts to support the existence of such a relationship in that the defective product was manufactured by Delta and sold to Rotondo, pursuant to a contract of sale between them and our courts have recognized that the manufacturer's sale of a product to a purchaser is sufficient to support the existence of an independent legal duty.
In Torrington Country Club v. Ply Gem, Superior Court, judicial district to Litchfield, Docket No. 061340, 12 CONN. L. RPTR. 53 (June 24, 1994). Judge Pickett concluded that by alleging a contractual relationship between the parties the third-party plaintiff has sufficiently alleged an independent legal relationship. Additionally, the Appellate Court has stated that "a party down the chain, e.g., the middleman or retail seller, may seek indemnification from the manufacturer."Maccarone v. Hawley, 7 Conn. App. 19, 506 (1986).
In the present case, Rotondo has alleged that Delta manufactured and sold the product which allegedly caused the injury to Shields and further alleged a contractual relationship between Rotondo and Delta which is a sufficient allegation of an independent legal relationship.
 III
Delta further claims that the third-party complaint is insufficient because Rotondo has failed to plead the Product Liability Act, General Statutes § 52-572m, which it claims provides the exclusive remedy for claims against product sellers. CT Page 5397 If Rotondo's complaint falls under the Product Liability Act, the shorter applicable statute of limitations might apply.
The gravamen of the third-party complaint is indemnification and Rotondo has not alleged a claim pursuant to General Statutes § 52-572m. In the third-party complaint, Rotondo alleges that "if the plaintiff (Shields) was injured based upon his claim that the defendant-third-party plaintiff (Rotondo) failed to warn, instruct or train him as to the proper use of the saw . . . such injury was caused by the negligence of the third-party defendant Delta . . . rather than any negligence with which the defendant-third-party plaintiff (Rotondo) may be found chargeable. The third-party defendant's (Delta's) negligence was the direct, immediate, and proximate cause of the plaintiff's injuries and losses." These allegations do not tall within the exclusive purview of the Product Liability Act since they simply set out a common law claim for indemnification. According to General Statutes § 52-598a, "notwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement."
Motion to strike count one is denied.
WAGNER, J.