[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT #159 and #160
This case arises from a claim by the plaintiff, Steven Bournival, that he sustained personal injuries on October 20, 1995 while moving office furniture in the course of his employment with the intervening plaintiff, Systems Furniture Installation, Inc. (hereinafter Systems). The defendant Babbidge Facilities Construction Company (hereinafter Babbidge) was the general contractor responsible for the renovation of the subject premises which were owned by the defendants William and Marianne Vishno. Babbidge had subcontracted to Systems the moving of the office furniture in the building so that Babbidge could perform the renovation.
The plaintiff sued Babbidge and the Vishnos alleging that their negligence was the proximate cause of his injuries. Systems, as the employer of the plaintiff intervened in the action to recoup workers' CT Page 14990 compensation benefits that it had paid to the plaintiff as a result of his injuries resulting from the October 20, 1995 accident.
Babbidge and the Vishnos have both counterclaimed against Systems seeking indemnity for any sums which they may be required to pay to the plaintiff Babbidge's counterclaim is in two counts. In the first count Babbidge seeks indemnity against Systems on an active-passive negligence theory as enunciated in Kaplan v. Merberg Wrecking Corporation,152 Conn. 405 (1965). In the second count of the Babbidge counterclaim, it alleges that there was a contract between Babbidge and Systems in which Systems agreed to move furniture on the premises and that such contract required Systems to indemnify Babbidge against liability for injuries to persons which may result from the performance of the contract. Systems has denied any negligence on its part and has further denied that the contract between Babbidge and Systems contained any promise on the part of Systems to indemnify Babbidge under the circumstances of this case.
The Vishno counterclaim also contains two counts. The first count alleges active-passive negligence against Systems based upon the theory of Kaplan v. Merberg Wrecking Corporation supra. In the second count the Vishnos allege that they were the third party beneficiaries of the contract between Systems and Babbidge and are entitled to indemnification based upon the breach of that contract by Systems. Systems has denied the claim of negligence on the part of the Vishnos and has denied that they were third party beneficiaries of its contract with Babbidge.
Systems has moved for summary judgment in its favor with respect to all counts of both counterclaims. The basis for Systems's motions is that there exists no independent duty running between Systems and either Babbidge or the Vishnos and thus the counterclaims must fail based upon the exclusivity provisions of the Workers' Compensation Act.
Practice Book § 17-49 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material factand that the moving party is entitled to a judgment as a matter of law." (Emphasis added.) "The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434 (1980).
"In ruling on a motion for summary judgment, the court must make two determinations: first, that there are no genuine issues of material CT Page 14991 fact; and second, that the moving party is entitled to judgment as a matter of law." Gould v. Mellick and Sexton, 66 Conn. App. 542, 553
(2001).
With respect to the first count in the counterclaims of both Babbidge and the Vishnos, as noted above, each seek indemnity from Systems based upon a theory of active-passive negligence which theory was enunciated inKaplan v. Merberg Wrecking Corporation, supra. The law, however, is well settled that unless the party seeking indemnity from the employer of the injured plaintiff can establish an independent duty between the two, the breach of which would give rise to a right of indemnification, the employer is protected by the exclusivity provisions of the Workers' Compensation Act. Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 699
(1997). The right to indemnity as against an employer of an injured plaintiff therefore, cannot be predicated upon a determination of the relative culpability of joint tortfeasors. Ranta v. Bethlehem SteelCorporation, 287 F. Sup. 111, 113 (D.Conn. 1968). Therefore, the first count of the counterclaims of both Babbidge and the Vishnos must fail as a matter of law.
In the second count of the Vishno counterclaim, they seek to establish an independent duty or relationship upon which to base their claim for indemnification upon a claim that they were the third party beneficiaries of the contract between Babbidge and Systems. However, there is absolutely nothing submitted by any party, either by way of contract document, affidavit, or deposition transcript that would support such a claim.
The ultimate test to be applied in determining whether a person is a third party beneficiary of a contract between two other parties is whether the intent of those parties was that the promisor, in this case Systems, should assume a direct obligation to the third party beneficiary, which intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. Gaza v. City ofStamford, 255 Conn. 245, 261 (2001).
In the affidavit of Paul Hintz, President of Systems, he states that Systems had no understanding that the services performed were for the direct or indirect benefit of the Vishnos. Nothing has been submitted to counter that statement. In fact the Vishnos would have to prove that Systems intended to assume an obligation to indemnify them in its contract with Babbidge. Thus the second count of the Vishno counterclaim must fail.
The second count of the Babbidge counterclaim, however, presents a more CT Page 14992 difficult question. As noted above, in order for the defendant Babbidge, in that second count, to overcome the exclusivity of the Workers' Compensation Act, it must establish that Systems has breached an independent duty toward Babbidge or that there is a basis for finding an implied promise of indemnity. Ferryman v. Groton, 212 Conn. 138, 144-45
(1989).
The court in Ferryman citing 2A, A. Larson, Workers' Compensation Law, § 76, indicated that "the right to indemnity is clear when the obligation springs from a separate contractual relation, such as . . . a contractor's obligation to perform his work with due care. . . ."Ferryman v. Groton, supra at p. 145.
As Systems points out, there is no express agreement between it and Babbidge, either orally or in writing, that Systems will perform the contract in a workmanlike manner or with the use of due care and if it does not, indemnify Babbidge for any monetary damages which Babbidge may suffer. However, in his affidavit, Alexander Babbidge states that Systems was responsible for the way in which the furniture was moved, and there was "an implicit understanding that Systems Furniture would perform their job in an appropriate manner as aforesaid, and failing to do so, would indemnify and reimburse Babbidge." At a deposition of Babbidge subsequent to the deposition, he explained that what he meant was that it was his expectation that Systems would do their work in an appropriate manner and indemnify and reimburse Babbidge if it did not. He did indicate at his deposition that he believed that such understanding was on the part of Systems also although not expressly stated.
As a part of a contract for the rendition of services such as is involved in this case, though not expressly stated, there is an implied agreement that the work to be performed would be accomplished in a workmanlike manner and with the use of due care. If indeed that is the case, it would give rise to an independent duty running from Systems to Babbidge, the breach of which would give rise to a right on the part of Babbidge to seek indemnification. See Maccarone v. Hawley, 7 Conn. App. 19,23 (1986).
Babbidge, of course, would have to prove not only a breach of duty on the part of Systems in order to claim indemnity but would also have to prove that the breach was such to give rise to a right of indemnity.Ferryman seems to suggest that such determination would be based upon the same consideration as set forth by the court in Kaplan regarding active-passive negligence.
Based upon the forgoing it is the opinion of the court that there exist questions of material fact as to the second count of the Babbidge CT Page 14993 counterclaim. Obviously, the court cannot resolve such issues on a motion for summary judgment, particularly where such issues involve subjective feelings and intent. Gould v. Mellick Sexton, supra at p. 556.
Therefore, as to the counterclaim of the defendants William Vishno and Marianne Vishno the motion for summary judgment (#159) is granted in its entirety. As to the counterclaim of the defendant Babbidge, the motion for summary judgment (#160) is granted as to the first count and denied as to the second count.
By the Court,
Bruce W. Thompson, Judge