ROY J. FALBY ET AL. *v.* RICHARD ZAREMBSKI ET AL.
(14295)

SHEA, GLASS, COVELLO, BORDEN and BERDON, Js.

Argued October 29, 1991—decision released January 21, 1992

*Michael T. Ryan,* with whom was *Richard P. Colbert,* for the appellant-appellee (defendant Home Improvement and Remodeling Company, Inc.).

*Howard B. Naylor,* for the appellees-appellants (plaintiffs).

SHEA, J. The principal issues in this appeal and cross appeal are whether sufficient evidence was presented to establish that the defendant Home Improvement and Remodeling Company, Inc., was strictly liable under General Statutes § 22-357[1] as a "keeper" of the dog that attacked the named plaintiff and whether the trial court improperly denied the plaintiffs' motion to amend their complaint prior to trial. The named plaintiff, Roy Falby, and his wife and coplaintiff, Barbara Falby, commenced this action against the defendants, Richard Zarembski, Home Improvement and Remodeling Company, Inc. (Home Improvement), Thadeus J. Plonowski and William and John Cree to recover damages for the injuries Roy Falby sustained when he was attacked by a dog owned by Zarembski and for Barbara Falby's loss of her husband's consortium. The plaintiffs withdrew their action against the Crees and obtained a default

---

[1] General Statutes § 22-357 provides: "If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action."

against Zarembski before the commencement of the trial. At trial, the plaintiffs also withdrew their action against Plonowski. The jury returned a verdict in favor of both plaintiffs against the only remaining defendant, Home Improvement, on the theory that it was liable as a "keeper" of the dog under § 22-357. The court rendered judgment on the jury's verdict with respect to Roy Falby's claim, but set aside the verdict with respect to Barbara Falby's claim.[2] Thereafter, Home Improvement filed this appeal in the Appellate Court, and the plaintiffs cross appealed. We transferred the case to this court pursuant to Practice Book § 4023. We reverse the judgment and remand the case for a new trial.

The jury reasonably could have found the following facts. On November 1, 1985, Roy Falby, a postal carrier, was delivering mail to the Stamford home of the Crees when he was attacked and seriously injured by a pit bull terrier that was on the premises. At the time, the Crees were having some remodeling work performed on their house by Home Improvement. Zarembski, an employee of Home Improvement, owned the pit bull and had brought it to the work site with him, as he had done on numerous other occasions.

Before he was hired by Home Improvement, Zarembski had received permission from Plonowski, its president, to bring the dog with him to the various sites where he would be working. Zarembski frequently did so, usually allowing the dog to run loose at the sites. Neither Plonowski nor any other Home Improvement employee ever voiced an objection to or imposed any conditions on the dog's presence. In fact, Plonowski and others sometimes petted the dog while it was at the job sites.

[2] The court concluded that damages for loss of consortium were not available under General Statutes § 22-357.

Zarembski had also received permission from the supervisor at the Cree work site to bring the dog with him to that particular job. The dog was at the Cree site almost every day that work was being performed there. On those occasions, it was not tied up or leashed. Plonowski knew of the dog's presence there.

In this appeal, Home Improvement claims that: (1) it is entitled to judgment as a matter of law because § 22-357 imposes alternative liability on the owner or keeper of a dog and the plaintiffs had already obtained a default against Zarembski, the owner; (2) it is entitled to judgment as a matter of law because insufficient evidence was presented for the jury to have found that it was a "keeper" of the dog, within the meaning of § 22-357; and (3) it is entitled to a new trial because the trial court improperly instructed the jury on the definition of "keeper" under § 22-357. We agree with the second of these claims with respect to the complaint as submitted to the jury and, therefore, find it unnecessary to address the others.

In their cross appeal, the Falbys claim that they are entitled to a new trial because the trial court improperly: (1) denied their motion to amend the complaint prior to trial; (2) set aside the jury's verdict in favor of Barbara Falby on her loss of consortium claim under § 22-357; and (3) allowed the introduction of immaterial and prejudicial testimony regarding their sons. We agree with the first claim and grant the requested relief. We need not address the second claim because we have concluded that Home Improvement is entitled to judgment on the § 22-357 claim and, thus, that issue will not arise upon the trial of the negligence claim raised by the proposed amendment. See Part I, infra. Finally, we address the third issue because it is likely to arise at retrial.

## I

General Statutes § 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person. A "keeper" is defined as "any person, other than the owner, harboring or having in his possession any dog." General Statutes § 22-327. To harbor a dog is to afford lodging, shelter or refuge to it. *Malone* v. *Steinberg,* 138 Conn. 718, 722, 89 A.2d 213 (1952); Webster's Third New International Dictionary. "[P]ossession cannot be fairly construed as anything short of the exercise of dominion and control [over the dog] . . . ." *Hancock* v. *Finch,* 126 Conn. 121, 123, 9 A.2d 811 (1939). Applying these definitional principles to the facts of this case, we conclude that there was insufficient evidence to establish that Home Improvement was a "keeper" under § 22-357.

Viewed in the light most favorable to sustaining the jury's verdict; *Kiss* v. *Kahm,* 132 Conn. 593, 594, 46 A.2d 337 (1946); the evidence presented at trial established that Home Improvement, through its president, Plonowski, had knowledge that Zarembski was in the habit of bringing the pit bull terrier with him to various work sites, that it acquiesced in the presence of the dog at these sites and that it could have prohibited Zarembski from bringing the dog with him to work if it had so desired. Although such facts may implicate Home Improvement in some way in the attack of the dog on Roy Falby, they do not indicate that it harbored or had possession of the dog and thus do not justify the imposition of strict liability under § 22-357. There was no evidence that Home Improvement fed, watered, housed or otherwise cared for the dog. There was no evidence that it exercised any form of control over the actions of the dog. Contrary to the plaintiffs' claim, control over the premises where the dog inflicted the inju-

ries or over Zarembski, by virtue of the employment relationship, did not convert Home Improvement into a keeper of Zarembski's dog while it was present at the work site.[3] Accordingly, we reverse the judgment holding Home Improvement strictly liable as a "keeper" under § 22-357.

## II

We now consider the claims raised by the plaintiffs in their cross appeal involving, first, the amendment of their complaint prior to trial and, second, the admission of certain evidence regarding their sons.

## A

The second count of the plaintiffs' original complaint, filed on June 6, 1986, contained, inter alia, the following allegations: "5. The defendant Home Improvement and Remodeling Co. Inc. was a keeper of the ferocious Pit Bull dog and is liable for the attack on Roy Falby and his injuries pursuant to Connecticut General Statutes Section 22-357. 6. The plaintiff Roy Falby's injuries and losses were caused by the negligence or recklessness of the defendant Home Improvement and Remodeling Co. Inc. in that: a) it kept or permitted the ferocious Pit Bull dog to be kept on the premises; b) it knew or reasonably could know that the Pit Bull dog had vicious propensities; c) it failed to maintain control over or to restrain the Pit Bull dog or cause the dog to be controlled or restrained."[4] On November 6,

---

[3] The Appellate Court adopted a similar view of "keeper" liability under General Statutes § 22-357 when it affirmed a summary judgment in favor of the defendant landlords whose tenant owned a dog that injured the plaintiff. *Buturla* v. *St. Onge*, 9 Conn. App. 495, 519 A.2d 1235, cert. denied, 203 Conn. 803, 522 A.2d 293 (1987). The court noted that the landlords' mere acquiescence in the dog's presence within the leased premises, unaccompanied by any evidence of caretaking of the dog or actual control over its actions, could not afford a basis for their strict liability as keepers under the statute. Id.

[4] The plaintiffs made identical allegations against the Crees in the fourth count of the complaint. On December 13, 1988, they filed a request for leave

1990, during jury selection, the plaintiffs made an oral motion to amend their complaint by separating the second count against Home Improvement into two counts alleging statutory liability under § 22-357 in one and common law negligence in the other.[5] Home Improvement objected to the proposed amendment. The trial court denied the motion, stating that the proposed amendment would have added an entirely new cause of action against Home Improvement and that the request was untimely because it was made on the eve of trial.

The plaintiffs maintain that the trial court improperly denied their motion for leave to amend the complaint. They contend that the amendment would not have introduced a new cause of action and would not have unduly delayed the trial.[6] Home Improvement argues that the plaintiffs' claims are not reviewable, except under the plain error doctrine, because the plaintiffs failed to move to set aside the verdict. On the merits, Home Improvement maintains that the trial court was correct in denying the request for the reasons stated in the record. We agree with the plaintiffs that the court should have permitted the amendment.

As a preliminary matter we address Home Improvement's contention that this court should afford only

---

to amend the complaint by separating the fourth count against the Crees into one count alleging statutory liability under General Statutes § 22-357 and another alleging common law negligence. Because no objection was filed to the request, the amendment was deemed to have been filed by consent of the Crees. Before trial, however, the plaintiffs withdrew their action against the Crees.

[5] The request sought to make the same amendment to the allegations against Home Improvement that had previously been made with respect to the allegations against the Crees.

[6] The plaintiffs also advance the claim that the trial court improperly denied their subsequent motion to amend the complaint to conform to the proof offered at trial. In light of our conclusion that the trial court should have granted the earlier motion to amend the complaint, we need not address this alternative claim.

plain error review of the plaintiffs' claim because of their failure to make a motion to set aside the verdict. General Statutes § 52-228b provides in pertinent part: "No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court." We have repeatedly stated that strict compliance with § 52-228b is a prerequisite to plenary review of claims of error on appeal and that a party's failure to comply with this provision limits this court's consideration of such claims to ascertaining whether plain error has been committed by the trial court. See, e.g., *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 758–59, 535 A.2d 1292 (1988); *Atlantic Richfield Co.* v. *Canaan Oil Co.,* 202 Conn. 234, 249–50, 520 A.2d 1008 (1987); *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 512–15, 441 A.2d 163 (1981). Invariably, the cases in which we have applied this rule to limit the scope of review to plain error have involved claims that sought, as a remedy, the setting aside of a verdict. *Pedersen* v. *Vahidy,* 209 Conn. 510, 552 A.2d 419 (1989); *Williamson* v. *Commissioner of Transportation,* 209 Conn. 310, 551 A.2d 704 (1988); *Small* v. *South Norwalk Savings Bank,* supra; *Dunham* v. *Dunham,* 204 Conn. 303, 528 A.2d 1123 (1987); *Atlantic Richfield Co.* v. *Canaan Oil Co.,* supra; *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 520 A.2d 208 (1987); *Kolich* v. *Shugrue,* 198 Conn. 322, 502 A.2d 918 (1986); *Pietrorazio* v. *Santopietro,* supra. Because such a remedy was sought, those cases fell within the prohibition of § 52-228b against setting aside a verdict without an antecedent motion having been filed. In making the claim that the trial court should have allowed their proposed amendment to the complaint, however, the plaintiffs have not sought to have the verdict rendered set aside; they have

sought a new trial rather than a directed judgment in the event that Home Improvement is successful in its appeal. See Practice Book § 4013 (a) (1) (C).[7] Consequently, their claim does not fall within the purview of § 52-228b and our review of it need not be limited to ascertaining whether plain error was committed.

Not only does the text of § 52-228b support our conclusion that the plaintiffs were not required to make a motion to set aside the verdict in order to obtain plenary appellate review of the claims underlying their request for a new trial, but fairness and common sense dictate this result as well. The trial court rendered judgment in accordance with the jury's verdict in favor of Roy Falby on the theory of "keeper" liability under § 22-357 and awarded him damages in the amount of $117,500. No verdict was ever reached on the common law negligence claim because, when the trial court denied the plaintiffs' motion to amend their complaint and read the existing complaint as alleging only statutory liability, it prevented that issue from being submitted to the jury. Given this scenario, it would be unjust, indeed, to require the plaintiffs to attack the favorable verdict obtained on the statutory claim in order to protect their right to challenge the disallowance of their negligence claim should they later find themselves defending against an appeal by their adversary. Nothing in § 52-228b or our case law mandates such a perilous choice. Accordingly, we afford plenary review to the issues raised by the plaintiffs.

[7] Practice Book § 4013 (a) (1) (C) provides: "At the time the appellant sends a copy of the endorsed appeal form to the chief clerk of the supreme court, the appellant shall also send the chief clerk an original and one copy of the following: (1) A preliminary statement of the issues intended for presentation on appeal. If any appellee wishes to . . . (C) claim that a new trial rather than a directed judgment should be ordered if the appellant is successful on the appeal, that appellee shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues."

We begin our analysis by noting that separate causes of action must be pleaded in separate counts of a complaint. Practice Book § 138.[8] A complaint that fails to comply with § 138 may be corrected, however, by amendment. General Statutes § 52-130 provides: "Parties may amend any defect, mistake or informality in the pleadings or other parts of the record or proceedings. . . . Any court may restrain the amendment or alteration of pleadings, so far as may be necessary to compel the parties to join issue in a reasonable time for trial." The rules of practice contain similar provisions. Practice Book §§ 175 and 176.[9] Whether to allow an amendment is a matter left to the sound discretion of the trial court. This court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. *Lawson* v. *Godfried,* 181 Conn. 214, 216–17, 435 A.2d 15 (1980). "But unless there is some sound reason for denying permission to amend in order to remedy mispleading, [a request to do so] should be granted." *Clayton* v. *Clayton,* 115 Conn. 683, 686, 163 A. 458 (1932).

---

[8] Practice Book § 138 provides: "Where separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words *Second Count,* and so on for the others; and the several paragraphs of each count shall be numbered separately beginning in each count with the number one."

[9] Practice Book § 175 provides: "The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day."

Practice Book § 176 provides: "Except as provided in Sec. 182, a party may amend his pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section in the following manner:

"(a) By order of court; or

"(b) By written consent of the adverse party; or

"(c) By filing a request for leave to file such amendment, with the amendment appended, after service upon each party as provided by Sec. 120, and with proof of service endorsed thereon. If no objection thereto has been filed by any party within fifteen days from the date of the filing of said

Applying these principles to the case before us, we conclude that the trial court abused its discretion when it denied the plaintiffs' motion to amend their complaint because there was no sound reason for denying such permission. The language of the original complaint unmistakably set forth both common law negligence and statutory causes of action against Home Improvement, albeit in a single count. By interpreting that language as pleading only a statutory claim, the trial court, in charging the jury, chose to ignore a negligence claim that, although improperly merged with the statutory claim in one count, had clearly been pleaded. The proposed amendment would have made the complaint conform to § 138, so that the jury could have rendered separate verdicts on each cause of action. Moreover, the allowance of the proposed amendment would not have unduly delayed the trial or resulted in an injustice to Home Improvement. Defending against the negligence claim would have been substantially similar to defending against the statutory claim, making it unlikely that a continuance would have been necessary for the purpose of allowing Home Improvement to conduct further factual investigation. More importantly, Home Improvement could hardly claim that it was unfairly surprised by a negligence claim of which it had no notice when, four years earlier, it had indicated its

request, the amendment shall be deemed to have been filed by consent of the adverse party. If an opposing party shall have objection to any part of such request or the amendment appended thereto, such objection in writing specifying the particular paragraph or paragraphs to which there is objection and the reasons therefor, shall, after service upon each party as provided by Sec. 120 and with proof of service endorsed thereon, be filed with the clerk within the time specified above and placed upon the next short calendar list.

"The court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial. If the amendment occasions delay in the trial or inconvenience to the other party, the court may award costs in its discretion in his favor. For the purposes of this rule, a substituted pleading shall be considered an amendment."

awareness that a negligence claim had been asserted against it by pleading the special defense of contributory negligence, a defense against a common law negligence claim but not against a strict liability claim under § 22-357.[10] *Woolf* v. *Chalker*, 31 Conn. 121, 127 (1862). It appears then that Home Improvement knew that the plaintiffs had pleaded negligence, had prepared a defense against that theory of liability and would not have been prejudiced in any way by the proposed amendment, which simply would have placed that theory in a separate count, as required by the rules of pleading.

Although it is not our habit to disturb a trial court's determination of whether an amendment should be permitted, we have done so on rare occasions when allowing the ruling to stand would work an injustice to one of the parties. See, e.g., *Wesson* v. *F. M. Heritage Co.*, 174 Conn. 236, 239–40, 386 A.2d 217 (1978); *Tammaro* v. *Ledewitz*, 157 Conn. 346, 348–51, 254 A.2d 458 (1968); *Fisher* v. *Board of Zoning Appeals*, 142 Conn. 275, 278, 113 A.2d 587 (1955). For the reasons stated, we believe that this case presents one of those rare occasions. Consequently, we reverse the trial court's denial of the plaintiffs' request for leave to amend and remand the case for a new trial on the negligence claim.

### B

We next consider the plaintiffs' claim of evidentiary error, because it is likely to arise at retrial. *State* v.

[10] On September 19, 1986, Home Improvement filed the following special defense: "If the plaintiff suffered the damages and injuries in the manner and to the extent as alleged in the complaint, which is herein expressly denied, then the same were proximately caused by his own carelessness and negligence in that he knew, or in the exercise of reasonable care, should have known that the dog was on the premises, and approached the premises from a direction and in a manner which he knew, or in the exercise of reasonable care should have known, would frighten, alarm and incite the dog."

*Rinaldi,* 220 Conn. 345, 359–60, 599 A.2d 1 (1991). In their complaint the plaintiffs alleged that Roy Falby had suffered "fright and fear, shock and stress to his entire nervous system including acute mental and emotional trauma" as a result of being attacked by the pit bull terrier. At trial, Roy Falby testified that, after the attack, he required extensive psychotherapy with a clinical psychologist. He remained in the psychologist's care for about one and one-half years, incurring over $5000 in expenses. Falby stated that, although he had sometimes discussed other subjects with the psychologist during the sessions, the treatment related principally to the dog attack.

On cross-examination, Home Improvement sought to challenge Falby's assertion on direct examination, that virtually all of the time he had spent in psychotherapy was attributable to the dog attack, by eliciting the fact that, during the course of the psychotherapy sessions, Falby had also discussed his distress over the circumstances of his two sons. His son Eddie was serving a fifteen year sentence for murder at the time, and the case had attracted a great deal of media attention and public outrage. His son Allen was also in prison, following a robbery conviction, and had tested positive for the presence of the HIV virus. The plaintiffs objected to this line of questioning, arguing that it was immaterial and inflammatory. After an extended colloquoy with both parties, outside the presence of the jury, the trial court allowed this cross-examination, placing some limitations on precisely which details Home Improvement would be permitted to elicit about the crimes committed by the two sons.[11] The plaintiffs took exception to the court's ruling.

---

[11] The court stated: "So, to summarize, then, I am prohibiting questions concerning Edward and prison which concern the identity, age, or sex of the victim; and, secondly, any question concerning conviction, appeal, and bond."

The plaintiffs maintain that the trial court improperly permitted cross-examination concerning Roy Falby's discussions in his psychotherapy sessions about Eddie's murder case and the negative publicity and public outrage provoked by it and about Allen's HIV test result. Home Improvement argues that these subjects were all fairly raised on cross-examination to challenge Roy Falby's testimony that virtually all of his psychotherapy expenses were attributable to the emotional distress he suffered after being attacked by the pit bull terrier. We agree with Home Improvement.

Roy Falby's testimony injected into the case the issue of Home Improvement's liability for the expenses he had incurred for psychotherapy and invited the challenged line of cross-examination. The trial court properly exercised its discretion when it ruled that such cross-examination was highly probative of Home Improvement's contention that some of the costs of Falby's psychotherapy were not fairly traceable to the dog attack and that its prejudicial effect did not outweigh its probative value. If Falby should offer similar testimony at retrial, it would be appropriate for the trial court to permit such limited cross-examination by Home Improvement for the purpose of disputing the claim that all of his psychotherapy expenses were attributable to the dog attack.

The judgment is reversed and the case is remanded for a new trial in accordance with this opinion.

In this opinion the other justices concurred.