[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have filed an objection (#126) to the plaintiff's request dated December 19, 1991, to amend her complaint.
The plaintiff, Penny Marcy, alleges that she fell on February 14, 1985, due to ice that had accumulated on the sidewalk in front of 27 Maple Drive, in Monroe, where she resided. She brought a one count complaint alleging that the defendants, Richard Stein and Gentry Corporation (Gentry), owned 27 Maple Drive, and also that she sustained certain personal injuries as a result.
The amended complaint is in three counts, the first directed against Gentry, described as the owner of the premises at 27 Maple Drive. Count two, also against Gentry, describes it as having "control" over the premises. The third count is directed against defendant Stein, and refers to him as the owner.
In addition, the new proposed complaint describes the CT Page 2226 premises as uninhabitable, and adds that the defendants failed to plow, sand or salt, or to warn the plaintiff of the conditions then existing.
The nature and extent of the injuries have been expanded from seven specifications to approximately eleven and made more detailed.
One element of the objection by the defendants to the proposed amendment was the belief that the case was scheduled for imminent trial, but in the interim the case was continued for several months at the request of the plaintiff, who resides in Montana. Therefore that aspect of the objection is no longer as significant.
It is clear that if an amended complaint does not relate back to the original complaint, its assertion should be bared by the statute of limitations. Gurliacci v. Mayer, 218 Conn. 531,546, 590 A.2d 914 (1991). The Gurliacci case distinguished between an amendment that "amplified and expanded upon the previous allegations by setting forth alternate theories of liability," as contrasted with allegations that inject "two different sets of circumstances and depend on different facts." Id., 549.
The court in Gurliacci refers to Sharp v. Mitchell,209 Conn. 59, 71-72, 546 A.2d 846 (1988), as a leading case in this area. The action was originally brought based on "negligent supervision." Sharp v. Mitchell, supra, 72-73. The complaint was subsequently amended to claim negligent design and construction of an underground storage area. This change from negligent supervision to negligent construction was described in Gurliacci, Id., 549, as "dramatic," and the reason given was "because the defendant would have been required to gather different facts, evidence and witnesses to defend the amended claim."
I believe that the proposed amendments in this case all relate back to the original complaint and hence do not present any statute of limitation problems. Falby v. Zarembski,221 Conn. 14, 24, A.2d (1992), indicates that amendments to pleadings should be granted unless "there is some sound reason for denying permission to amend . . ." Since I can find no such reason in this case, the defendants' objections to the proposed amendment are denied.
So Ordered.
Dated at Bridgeport, Connecticut this 11th day of March, 1992. CT Page 2227
WILLIAM B. LEWIS, JUDGE