[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court are five separate motions, including an objection by the defendants to plaintiff's motion dated January 3, 1992 to amend her complaint; defendants' request (#146) to CT Page 2328 preclude plaintiff from offering expert testimony; a motion (#147) to strike a cross claim asserted by one of the two defendants against the other; a request (#162) to reconsider several rulings concerning interrogatories; and a request for additional time to respond to requests to admit.
The plaintiff, Etka Huss, alleged in the first count of her original complaint that she was injured while using an escalator manufactured by defendant Schindler Elevator Corp. (Schindler), and located in the Trumbull Shopping Park in Trumbull, when the escalator suddenly vibrated and jumped. She brought a product liability action against Schindler. The other defendant is Westfield, Inc. (Westfield), which is alleged to operate, maintain and control the Trumbull Shopping Park, including common areas, such as the escalator in question.
The second count was against Schindler and Westfield for negligence on the basis that the escalator was maintained and operated by the defendants, who failed to exercise reasonable care to prevent injury to the plaintiff.
Westfield then filed a cross claim against Schindler seeking indemnification because of a maintenance agreement effective September 1, 1986, pursuant to which, according to Westfield, Schindler agreed to maintain the escalator and to assume liability for injuries "directly due to the negligent acts or omissions of Schindler . . . or its employees." Westfield also sought common law indemnification under the active/passive dichotomy of Kaplan v. Meerburg, 152 Conn. 405, 412,207 A.2d 732 (1965).
Reviewing first the objection to the amendment, plaintiff has moved to amend her complaint, after determining through discovery that Schindler may not have been the manufacturer of the escalator in question. She wishes to add a new third count claiming negligent maintenance and repair on the part of Schindler. In opposing this amendment, Schindler claims that this third count constitutes a new cause of action, which is barred by the two year statute of limitations for negligence actions, since the injury in question is alleged to have occurred on May 31, 1988.
It is clear that if an amended complaint does not relate back to the original complaint, its assertion should be barred by the statute of limitations. Gurliacci v. Mayer, 218 Conn. 531,546, 590 A.2d 914 (1991). The Gurliacci case distinguished between an amendment that "amplified and expanded upon the previous allegations by setting forth alternate theories of liability," as contrasted with allegations that inject "two different sets of circumstances and depend on different facts." CT Page 2329 Id., 549.
The court in Gurliacci refers to Sharp v. Mitchell,209 Conn. 59, 71-72, 546 A.2d 846 (1988), as a leading case in this area. The action was originally brought based on "negligent supervision." Sharp v. Mitchell, supra, 72-73. The complaint was subsequently amended to claim negligent design and construction of an underground storage area. This change from negligent supervision to negligent construction was described in Gurliacci, Id., 549, as "dramatic," because the "defendant would have been required to gather different facts, evidence and witnesses to defend the amended claim."
The allegation of negligence had been deleted by plaintiff after service of the original complaint in the belief that Schindler manufactured the escalator, and therefore the exclusive remedy was in product liability. This third count attempts to reassert a claim of negligence, which was in the original complaint, because the plaintiff is apparently no longer certain whether Schindler actually manufactured the escalator. Schindler was on notice, however, from the inception of the action that negligence on its part was being asserted.
Moreover, Falby v. Zarembski, 221 Conn. 14, 24, A.2d (1992), indicates that unless there is some "sound reason" for denying a request to amend a complaint, it should be granted. In this case I sense no such "sound reason", and because I believe that the amendment relates back to the original complaint, the objection to the request to amend is denied. In addition, the case has a return date of June, 1990, and the granting of the motion to amend will not delay the trial or prejudice the defendants.
The second motion is a request to preclude plaintiff's expert from testifying on the basis of untimely disclosure, but the motion is denied, as I do not find that the plaintiff acted in bad faith, nor that the late disclosure will prejudice the defendants.
The motion by Schindler to strike Westfield's cross claim, filed pursuant to Practice Book 152, tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the complaint." Bouchand v. People's Bank, 219 Conn. 465, 467, 594 A.2d 1 (1991); see also DeLaurentis v. New Haven, 220 Conn. 225, 240, 597 A.2d 807
(1991).
The cross claim by the codefendant Westfield, however, CT Page 2330 alleges that the other party, Schindler, was negligent; that this negligence was the cause of plaintiff's injuries; that the other party was in exclusive control of the escalator; and that the cross claimant did not know of its codefendant's negligence, had no reason to anticipate it, and could reasonably rely on the codefendant not being negligent.
Although active/passive claims in negligence may be asserted, Westfield has not included the fifth element in such a claim, as required by Atkinson v. Berloni, 23 Conn. App. 325,327, 580 A.2d 84 (1990). This additional element "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Although Westfield has alleged the four Kaplan elements of indemnification, it has failed to plead an independent legal relationship between itself and Schindler, and therefore the motion to strike count one of the cross claim is granted.
Count two of the cross claim should also be stricken as it refers to General Statutes 52-572h, which only comes into play after a verdict has been rendered, and a reallocation is required because of noncollectability of damages from those who have been found to be negligent. The allegations in this count are therefore premature.
Defendant Schindler asks for reconsideration of sanctions imposed by the court regarding certain answers to interrogatories. After reviewing Attorney McCauley's affidavit of January 21, 1992, it is clear that Schindler did not act in bad faith in responding to the plaintiff's motion for disclosure. Therefore, the sanctions imposed against it are revoked.
Defendant Westfield's motion #157 for an extension of time to January 28, 1992 to respond to the request for admissions is granted, and it is noted that said responses were filed within that time period.
So Ordered.
Dated at Bridgeport, Connecticut this 13 day of March, 1992.
WILLIAM B. LEWIS, JUDGE