[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
On August 6, 1993, the plaintiffs, Theodora Travers a five year old minor acting through her mother Jayne Sharpe, and Sharpe, in her own right, filed an application for prejudgment remedy against James McKenney, Marc Bass and Scott Bass ("defendants"). Attached to the plaintiffs' application is a two count complaint which states in the first count that the defendants owned and operated a fish market located in Danbury, Connecticut. The plaintiff minor alleges that on July 29, 1992, while a lawful patron at the fish market with her mother, defendant Scott Bass' dog suddenly and without warning lunged at and bit the minor plaintiff's face, neck, hands and feet, causing the minor plaintiff to suffer serious and permanent injuries. The minor plaintiff alleges in the first count that the owner of the dog, defendant, Scott Bass, is strictly liable for her injuries pursuant to General Statutes, Sec. 22-357.
In the second count, the plaintiffs allege that defendants, James McKenney and Marc Bass, are strictly liable for minor plaintiff's injuries as they are "keepers" of the dog in that they harbored and/or had the dog in their possession at the time it attacked the minor plaintiff.
On November 1, 1993, the plaintiffs filed a memorandum of law in support of their application for prejudgment remedy. The defendant, James McKenney, has filed a memorandum in opposition. Oral argument was heard on November 15, 1993.
A person injured by a dog can elect one of two causes of action. One action would be in negligence at common law, the other is under the "dog-bite" statute, General Statutes, Sec.22-357. See Gretkowski v. Coppola, 26 Conn. Sup. 294, 296,222 A.2d 41 (Super.Ct., 1966). CT Page 11001
General Statutes, Sec. 22-357 provides:
 If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action.
"General Statutes, Sec. 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person." Falby v. Zarembski, 221 Conn. 14,19, 602 A.2d 1 (1992). "[T]he statute does not make fault a factor in determining whether an owner or keeper should be responsible to an injured third party." Maccarone v. Hawley,7 Conn. App. 19, 25, 507 A.2d 506 (1986). The statute serves as an example of the common law principle that "as between two innocent persons, namely the injured third party and the owner or keeper, the loss should fall on the one who caused it, rather than on the one who had no part in doing so." Id., 24-25. "When a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction . . . ." Lynn v. Haybuster Mfg., Inc.,226 Conn. 282, 289 (1993), quoting Ahern v. New Haven,190 Conn. 77, 82, 459 A.2d 118 (1983).
In Falby v. Zarembski, supra, a postal carrier was attacked and seriously injured while delivering mail to a home which at the time was undergoing renovations performed by the defendant, Home Improvement and Remodeling Company, Inc. An employee of Home Improvement, Zarembski, owned the pit bull who attacked the postal carrier. Zarembski previously had received permission from Home Improvement's president to allow the dog to join him at the various work sites. In fact, Zarembski also received permission from the work site CT Page 11002 supervisor to bring the dog to the particular job where the postal carrier was attacked. One of the issues to be decided in Falby was whether sufficient evidence was presented to establish that the defendant, Home Improvement, was a "keeper," which would render it strictly liable under General Statutes, Sec. 22-357, supra. In reversing the judgment holding Home Improvement strictly liable as a keeper under section 22-357, the court stated:
 [T]he evidence presented at trial established that Home Improvement, through its president, Plonowski, had knowledge that Zarembski was in the habit of bringing the pit bull terrier with him to various work sites, that it acquiesced in the presence of the dog at these sites and that it could have prohibited Zarembski from bringing the dog with him to work if it had so desired. Although such facts may implicate Home Improvement in some way in the attack of the dog on Roy Falby, they do not indicate that it harbored or had possession of the dog and thus do not justify the imposition of strict liability under Sec. 22-357. There was no evidence that Home Improvement fed, watered, housed or otherwise cared for the dog. There was no evidence that it exercised any form of control over the actions of the dog. Contrary to the plaintiffs' claim, control over the premises where the dog inflicted the injuries or over Zarembski, by virtue of the employment relationship, did not convert Home Improvement into a keeper of Zarembski's dog while it was present at the work site.
Id., 19-20.
The Appellate Court adopted a similar view of "keeper" in Buturla v. St. Onge, 9 Conn. App. 495, 519 A.2d 1235, cert. denied, 203 Conn. 803, 522 A.2d 293 (1987), where a plaintiff, while a guest in a tenant's apartment, was attacked by the tenant's dog. The plaintiff in Buturla argued that the landlords, who consented to the dog's presence in the apartment, were liable as "keepers" of the dog under General Statutes, Sec. 22-357. Id., 496. The court in Buturla, citing Webster's Third New International Dictionary, defined the verb "`to harbor' as to afford lodging to, to shelter, to CT Page 11003 give refuge to," id., 497, and noted that "in order to harbor or possess a dog, some degree of control over the dog must be exercised." Id., 498. The court found that the uncontradicted affidavits submitted by the defendants stating, inter alia, that they had never fed or taken care of the dog provided no basis for the claim "that the landlord afforded lodging to, sheltered or gave refuge to his tenant's dog." Id., 497.
The plaintiffs in their memorandum in support argue that by virtue of defendant McKenney's statements in a newspaper article which announced the opening of the business, and by his signature on an inspection report which reflects his exercise of control over the premises, he is a joint owner of the business that leased the premises upon which the dog responsible for attacking the minor plaintiff was permitted. Therefore, plaintiffs argue that defendant McKenney may be said to have exercised some control over the dog sufficient to qualify him as a "keeper" of the dog.[1]
Conversely, the defendant argues in his opposition memorandum that because he exercised no control over the dog and since defendant, Scott Bass, is strictly liable under General Statutes, Sec. 22-357, defendant has no liability whatsoever.
In the present case, it is uncontroverted that defendant, Scott Bass, was the owner of the dog and was at the premises when the incident occurred. Jayne Sharpe's affidavit in support of the application for prejudgment remedy does not state that defendant McKenney exercised any control over the dog. As a matter of fact, the plaintiff's mother testified that defendant, Scott Bass, controlled the dog at the time the incident took place. Defendant McKenney testified that he has never exercised control over the dog, nor has he ever fed, cared for, or provided lodging for the dog. At most, defendant McKenney did not object to the dog being on the premises.
The causal presence of a dog on someone's premises does not make that person an owner or a keeper. The mere acquiescence to the dog's presence does not establish the necessary custodial relationship. Falby v. Zarembski, supra; Buturla v. St. Onge, supra. CT Page 11004
Since there is no question that defendant Scott Bass is the owner of the dog, and since there is no allegation in the record or evidence produced at the hearing to reflect that defendant McKenney exercised control over the dog, no liability can attach to defendant McKenney.
For the foregoing reasons, the application of the plaintiffs to attach the defendant, James McKenney's interest in property located in the Town of New Fairfield is denied.
Stodolink, J.