[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST TO AMEND
ISSUE
Should the court sustain the plaintiff Commission on Human Rights and Opportunities' ("CHRO") objection to the defendant General Dynamics' request for leave to amend its answer, filed February 22, 1993.
The plaintiff's objection to the request to amend is sustained.
FACTS
On July 5, 1983, May 23, 1984 and December 6, 1985, the complainants Simonelli, Reels and O'Brien, respectively, filed complaints with Commission on Human Rights and Opportunities ("CHRO") charging the defendant General Dynamics with discrimination in violation of General Statutes 46a-60 (a)(1). The complaints, consolidated for the purposes of the hearing before the CHRO, contained allegations that the defendant General Dynamics failed to hire the complainants because of their hearing disabilities, regardless of their ability to CT Page 441 perform the jobs in question. On June 25, 1992, CHRO hearing officer John Flores mailed the final decision in the case of Simonelli, Reels and O'Brien v. General Dynamics, Electric Boat Division, case nos. 844003, 8440357 and 8640192, granting relief to the complainants Simonelli and Reels but denying relief to O'Brien.
On July 17, 1992, the defendant General Dynamics appealed that decision, seeking reversal of the decisions in the Simonelli and Reels cases. General Dynamics Corporation v. CHRO, CV92-0523677 appeal on September 24, 1992, General Dynamics Corporation v. CHRO, CV92-0524420 ("second appeal"), and withdrew the first appeal on November 5, 1993. Defendant's Memorandum in Support of the Request to Amend, p. 2; Plaintiff's Objection to the Request to Amend, pp. 1-3.
On September 22, 1992 CHRO filed the present appeal, seeking to overturn the decision of the hearing officer denying relief to O'Brien, to modify the award of damages for Simonelli, and to award compensatory damages to all complainants. On November 9, 1992, the defendant filed an answer denying all material allegations of the plaintiff's complaint. On January 5, 1993, the plaintiff CHRO moved to dismiss the defendant General Dynamics' second appeal based on insufficiency of service of process. On February 22, 1993, General Dynamics filed a request to amend its answer to add a counterclaim against the plaintiff which restated the allegations of its first and second appeal. Defendant's Memorandum in Support of Request to Amend, p. 3. General Dynamic's second appeal was dismissed by the court, O'Connell, J., on March 16, 1993. On March 8, 1993, the plaintiff filed an objection to the defendant's request to amend, asserting that the objection should be sustained because the defendant's counterclaim was not filed within 45 days of the final decision, as required by General Statutes 4-183 (c), and that the doctrine of res judicata and collateral estoppel barred the counterclaim. Plaintiff's Memorandum in Support of opposition to the Request to Amend, pp. 2-10.
DISCUSSION
Following thirty (30) days after the return date, a party may amend his pleading only by order of the court, by written consent of the adverse party or by filing a request for leave to file an amendment. Practice Book 175-176. CT Page 442
 "While our courts have been liberal in permitting amendments this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing party and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleading so far as necessary to prevent unreasonable delay of the trial. . . . It is within the discretion of the trial court to grant or deny an amendment."
(Citations omitted; internal quotation marks omitted.) Lo Sacco v. Young, 20 Conn. App. 6, 17-18, 564 A.2d 610 (1988) quoting Farrell v. St. Vincent's Hospital, 203 Conn. 554, 561-62,525 A.2d 954 (1987). "[U]nless there is some sound reason for denying permission to amend in order to remedy mispleading, [a request to do so] should be granted." (Citations omitted; internal quotation marks omitted.) Falby v. Zarembski, 221 Conn. 14, 24, 602 A.2d 1030 (1992).
As noted above, the plaintiff argues in opposition to the request to amend that the defendant's counterclaim is untimely, not having been brought within forty-five (45) days as required by General Statutes 46a-94a and General Statutes4-183 (c) and, therefore, the court does not have subject matter jurisdiction over the counterclaim. The plaintiff also asserts that the counterclaim raises the same issues as the defendant's second appeal, which was dismissed and, therefore, it is barred by the doctrines of res judicata and collateral estoppel. Finally, the plaintiff alleges that allowing the amendment would offend the policies underlying Practice Book 168.
The defendant and the plaintiff agree that the final decision was mailed on June 25, 1992; see Defendant's Memorandum, p. 1 and Plaintiff's Memorandum, p. 3; and that the hearing officer mailed the notice of denial of the plaintiff's motion for rehearing on August 25, 1992. See Plaintiff's Complaint, 14, and Defendant's Answer, 8. The defendant's request for leave to amend, seeking to reverse the hearing officer's decision, was not filed until February 22, 1993, some five months after the issuance of the denial of the CT Page 443 motion to reargue.
As admitted by the defendant, the counterclaim seeks to assert the same issues raised by the defendant's two prior appeals. Defendant's Memorandum, p. 3. General Statutes46a-94a provides that "any respondent or complainant aggrieved by a final order of a presiding hearing officer . . . may appeal therefrom in accordance with section 4-183." Because the original complaints were filed with the CHRO in these actions between 1983 and 1985, this action is "governed by the law in effect when the proceeding was commenced," the UAPA 4-183 (Rev. to 1987). Miko v. Commission on Human Rights Opportunities, 220 Conn. 192, 196 n. 3, 596 A.2d 396
(1991). General Statutes 4-183 (b) (Rev. to 1989) provided that an appeal under the UAPA "shall be instituted by filing a petition in the superior court . . . within forty-five days after the mailing of the notice of the final decision thereon."
The defendant's counterclaim seeks reversal of the CHRO hearing officer's decision. Defendant's Proposed Amended Answer, Counterclaim, therefore, is controlled by General Statutes 46a-94a and the filing dead lines of General Statutes (Rev. to 1989). See Commission on Human Rights 
Opportunities v. Local #536, Superior Court, Judicial District of Hartford, Docket No. 192875 (November 19, 1991, Schaller, J.) (striking as legally insufficient a counterclaim, seeking to set aside the CHRO hearing officer's order, which was not brought as an appeal within 45 days of mailing of final notice). A "statutory right of appeal maybe taken advantage of only by strict compliance with the statutory provisions by which it is created." (Citations omitted; internal quotation marks omitted.) Citizens Against Pollution Northwest, Inc. v. Connecticut Sitting Council, 217 Conn. 143, 152, 584 A.2d 1183
(1991). "The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." Rogers v. Commission on Human Rights Opportunities,195 Conn. 543, 550, 489 A.2d 368 (1985). The court would lack subject matter jurisdiction over the defendant's counterclaim. Id. Therefore, "sound reason"; Falby v. Zarembski, supra, 24; exists for denying the defendant's request for leave to amend and the court hereby exercises its discretion to sustain the plaintiff's objection to the request for leave to amend. CT Page 444
Because the first ground offered by the plaintiff in support of the objection to the request for leave is sufficient to sustain the objection, a discussion of the remaining grounds offered by the plaintiff is unnecessary.
The plaintiff's objection to the request to amend is hereby sustained.
Hurley, J.