[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling Re: Plaintiff's Motion for Leave to Amend (File #119)
and Defendant's Objection (File #121)
The fifth count of plaintiffs' second revised complaint, filed November 4, 1994, alleges that the defendant physician, in endeavoring to treat plaintiff (Mary Velazquez), failed to exercise that degree of care or skill ordinarily exercised by physicians in their profession in this state. Plaintiffs have moved for leave to amend the second revised complaint by adding thereto a Certificate of Good Faith, as required by General Statutes Section 52-190a. Defendant has filed an objection to the proposed amendment, with supporting memorandum.
Defendant objects to the request for leave to amend on the following grounds: (1) the proposed amendment is not appended to plaintiffs' motion; (2) Prac. Bk. Section 176 does CT Page 7885 not expressly authorize the addition of a Certificate of Reasonable Inquiry by way of a motion for leave to amend; and, (3) the only Certificate which plaintiffs have disclosed fails to state that a precomplaint inquiry was made, as required by Section 52-190a.
Conn. Prac. Bk. Section 175 permits amendment as of right within thirty days of the return date. Prac. Bk. Section 176 provides that a party may amend a pleading at any time subsequent to the Section 175 time limitation, as follows:
 "(c) By filing a request for leave to file such amendment, with such amendment appended . . . If no objection thereto has been filed within fifteen days . . . the amendment shall be deemed to have been filed by consent of the adverse party. If an opposing party shall have objection to any part of such request or the amendment appended thereto, such objection in writing, specifying the particular paragraph or paragraphs to which there is an objection and the reasons, shall . . . be filed . . . The court may restrain such amendments so far as maybe necessary to compel the parties to join issue in a reasonable time for trial . . ."
The trial court has wide discretion in its decision on whether to allow an amendment to a complaint. Howard v.Robertson, 27 Conn. App. 621, 627 (1992). "Our jurisdiction generally follows a liberal policy in allowing amendments to complaints . . . Factors to be considered in determining whether leave to amend should be granted are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." Web Press Serv.Corp. v. New London Motors, 203 Conn. 342, 360, 525 A.2d 57
(1987). Unless there is some sound reason for denying permission to amend in order to remedy mispleading, a request to do so should be granted. Falby v. Zarembski, 221 Conn. 14,24, 602 A.2d 1 (1992).
Plaintiffs did not file a Certificate of Good Faith Inquiry at the time of the original complaint (8/20/93), or CT Page 7886 with either of their two revised complaints (10/4/94 and 11/2/94). The Certificate was filed March 17, 1995; defendant, on March 29, 1995, initially objected on the basis that the Certificate was filed without a request for leave of the court to amend. Thereafter, on April 7, 1995, plaintiffs filed their request for leave to amend by adding a Certificate of Good Faith, along with a response to defendant's intitial [initial] objection. On April 21, 1995 defendant filed the objection to the request for leave to amend with supporting memorandum of law. Although a Certificate of Good Faith Inquiry was not appended to the April 7 request, that request to amend was filed in reaction to defendant's initial objection (3/29), and it concerned the Certificate previously filed March 17, 1995. The court is, therefore, disinclined to sustain defendant's objection on the ground of an absence of strict compliance with the Practice Book requirement than a proposed amendment be annexed to the request for leave to amend.
General Statutes Section 52-190a provides, in pertinent part, as follows:
 (a) No civil action shall be filed to recover damages resulting from personal injury or death . . . whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry . . . to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate . . . of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. (Emphasis added).
In Le Conche v. Elligers, 215 Conn. 701, 710 (1990), our Supreme Court stated:
 "Although the operative sentence of [the statute] provides that the `complaint or CT Page 7887 initial pleading `shall contain' . . . a good faith certificate, and although `shall' has often been held to be mandatory . . . its use in this section does not mandate that such a certificate is jurisdictional." (Emphasis in original).
In Le Conche, the Court concluded that the trial court improperly denied plaintiffs' motion to amend (filing of a good faith certificate) since there did exist subject matter jurisdiction. While the Supreme Court (at p. 711) made reference to correcting the defective pleading by a timely amendment pursuant to Prac. Bk. Section 175 (amendment as of right), it would not appear that such an amendment adding a Certificate necessarily should be precluded, in the exercise of the trial court's discretion, under Prac. Bk. Section 176(c) (amendment by leave of court), particularly given the circumstance that an absence of the certificate does not constitute a jurisdictional deficiency.
The Le Conche Court viewed the statutory requirement that the complaint contain a good faith certificate as a pleading necessity comparable to an essential allegation supporting a cause of action; thus, the absence of the required good faith certificate from the pleading would render the complaint subject to a motion to strike under Prac. Bk. Section 152(1). Here, it is certainly significant, as defendant has stressed, that some twenty months have expired since the initiation of this law suit; however, there is no specific indication that the allowance of this amendment will occasion any substantial delay in the trial or progress of this case. Considering the unlikelihood of any substantial delay, as well as the necessity of the filing of a certificate as an essential element of the cause of action, and the somewhat "liberal policy" in this jurisdiction regarding the allowance of amendments (203 Conn. supra at p. 360), it is concluded that the proposed amendment is appropriate, in these circumstances, under Prac. Bk. Section 176(c).
The Certificate of Good Faith, filed by plaintiffs' attorney on 3/17/95, and objected to by defendant, reads as follows:
 "The undersigned counsel for [plaintiffs] has made a reasonable inquiry to CT Page 7888 determine that there are grounds for a good faith belief that there has been negligence in the care and treatment of the plaintiff, Mary Velazquez, by [defendant]; this inquiry has given rise to the good faith belief . . . that grounds exist for an action against the named Defendant"
The certificate was filed, as stated, many months after the filing of the complaint; it does not indicate that the "reasonable inquiry" was made prior to the bringing of this action. Section 52-190a(a) requires a reasonable precomplaint inquiry; but, in Le Conche, where the proposed certificate was dated approximately seven months after the commencement of suit, and similarly did not specifically indicate a precomplaint inquiry by the subscribing attorney, the Supreme Court left "for another day" the issue of "whether that statutory requirement is jurisdictional." In Le Conche,
the trial court had before it the defendants' motions to dismiss for lack of subject matter jurisdiction filed in response to plaintiffs' motions to amend (by adding the proposed good faith certificate). Here, the matter has been presented solely on a question of amendment, and the objection thereto; once amended, the adequacy (jurisdictional or otherwise) of the Certificate of Good Faith can be tested by appropriate motion.
For the reasons stated, plaintiffs' motion to amend isGranted, and defendants' objection thereto is Overruled.
Mulcahy, J.