[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Benchmark Farms, Inc. (Benchmark) moved (#127) for summary judgment as to counts two and four against it for claims arising out of a bite inflicted on the plaintiff, Barbara LaVoy, by a dog owned by Benchmark's president Kip Rosenthal. As alleged in the complaint, the dog bite occurred on September 21, 1995, at Benchmark's property located on Ingleside Road, Stamford. Benchmark claims that because there is no genuine issue of material fact, it is entitled to judgment as a matter of law. The plaintiff argues that there is an issue of fact as to whether Benchmark was a keeper of the dog pursuant to General Statutes §§ 22-327 (6) 22-357.
"General Statutes § 22-357 imposes strict liability on CT Page 15633 the owner or keeper of any dog that does damage to the body or property of any person. A keeper is defined as any person, other than the owner, harboring or having in his possession any dog. . . . To harbor a dog is to afford lodging, shelter or refuge to it. . . . [P]ossession cannot be fairly construed as anything short of the exercise of dominion and control [over the dog]." (Citations omitted; internal quotation marks omitted.)Falby v. Zarembski, 221 Conn. 14, 19, 602 A.2d 1 (1992). The Connecticut Supreme Court has held that an employer who permits an employee to bring his dog onto a work site does not automatically become a keeper of the dog pursuant to General Statutes § 22-357. Id., 19-20. To harbor a dog involves actual control of the dog and feeding, watering, housing or otherwise caring for it. Id., 19.
There is no evidence in the record that Benchmark, a corporation, acted as a keeper of the dog. Rosenthal indicated that she owned the dog, not Benchmark. She admits that she brought her dog to Benchmark every day, but states that it was not a part of and did not aid the business operation of Benchmark. Rosenthal also stated that she had possession over the dog at Benchmark as the owner of the dog. The plaintiff provides no evidence to demonstrate that any other Benchmark employee had dominion and control over the dog as a requirement of that employee's duties for Benchmark, which might have made the company liable for the actions of that employee.
Therefore, Benchmark's motion for summary judgment as to counts two and four is granted.
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of December, 1999.
William B. Lewis, Judge