[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
 I
The minor plaintiff; by his mother and next friend, alleges that he resided in a two-family home leased to his parents and owned by the defendant, when he was viciously bitten by a dog, owned by the tenant of the second unit in the home. The dog-bite occurred in the yard of the home, a common area under the control of the defendant. The complaint is brought in two counts alleging common law negligence (count one) and liability under the dog bite statute, General Statutes, § 22-357. The defendant now moves for summary judgment on the grounds that since there is no dispute that he was not the "owner" or "keeper" of the dog, and had no duty to supervise the male dog, an Akita, he is not liable for the plaintiff's injuries as a matter of law.
For the reasons that follow, the motion for summary judgment is denied as to count one and granted as to count two.
 II
The defendant argues that because he was not the "owner" or "keeper" of the dog, within the meaning of the dog bite statute that he is neither liable to the plaintiff under common law nor the statute. "General Statutes § 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person. A keeper is defined as any person, other than the owner, harboring or having in his possession any dog . . . . To harbor a dog is to afford lodging, shelter or refuge to it . . . . [P]ossession cannot be fairly construed as anything short of the exercise of dominion and control [over the dog] . . . ." (Citations omitted; internal quotation marks omitted.) Falby v.Zarembski, 221 Conn. 14, 19, 602 A.2d 1 (1992). While the undisputed facts lead to the inescapable conclusion that the defendant is not liable under the statute for the reason claimed, it is equally clear that the defendant may well be liable to the plaintiff based on the claim of common law negligence set forth in count one.
In order to recover damages for injuries caused by a dog bite based on common law negligence, a plaintiff must prove that the dog had vicious propensities and that the defendant knew or had the means of knowing of such propensities. See Basney v. Klema, 2 Conn. Cir. Ct. 538, 544, 203 A.2d 95 (1964); Santana v. Mounds, Superior Court, judicial district of Hartford at Hartford, Docket No. 591027 (March 8, 2000, Beach, J.);Danahy v. Johnson, Superior Court, judicial district of Hartford at Hartford, Docket No. 579914 (April 12, 1999, Teller, J.). The affidavits submitted by the plaintiff; including that of a former tenant, reveal circumstances of prior aggressive behavior by the Akita in common areas CT Page 15835 of the property which give rise to a disputed issue of fact regarding notice to the defendant of the dog's vicious propensities.
Accordingly, the motion for summary judgment must be and is hereby denied as to count one (common law negligence) and is granted as to count two (General Statutes § 22-357).
Peck, J.