STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-04-152

FILED & ENTERED
SUPERIOR COURT
JUL 17 2006
PENOBSCOT COUNTY

Timothy W. Kilroy et al.,
    Plaintiffs

v.

Order (Attorney's Fees) and Judgment

Northeast Sunspaces, Inc. et al.,
    Defendants

Following trial in this matter, plaintiff Timothy W. Kilroy has moved for an award of attorney's fees. The court has considered the parties' submission on this issue and, for the reasons set out below, denies that request for relief.

Of the various theories of liability that Kilroy pursued against the defendants, the jury found that both defendants violated the Unfair Trade Practices Act, 5 M.R.S.A. § 205-A *et seq.* Here, Kilroy bases his request for attorney's fees on the remedial provisions of the UTPA. *See* 5 M.R.S.A. § 213. In their submissions, the parties do not dispute the notion that as a condition to an award of attorney's fees under section 213, a claimant must satisfy the demand provisions established in section 213(1-A):

> At least 30 days prior to the filing of an action for damages, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the injuries suffered, must be mailed or delivered to any prospective respondent at the respondent's last known address.

Here, in opposing Kilroy's request for attorney's fees, both defendants argue that he failed to make a demand that satisfied the requirements of section 213(1-A). Contrary to Kilroy's contention, the defendants have not waived this argument by not raising it at an earlier stage of this case. Such a demand is not an element of proof on a substantive UTPA claim, *see Oceanside at Pine Point Condominium Owners Association v. Peachtree Doors, Inc.* 659 A.2d 267, 273 (Me. 1995), and thus there was not an occasion for the defendants to assert this issue previously. And in any event, even if they failed to

1

raise it in connection with other claims associated with this case, such an omission would not bar its invocation here on the distinct request for relief now at bar.

The court can only adjudicate the adequacy of any section 213(1-A) demand based on the record the parties have chosen to create. The defendants' oppositions squarely challenge Kilroy's compliance with the statutory requirement. Northeast Sunspaces states in its filing that Kilroy simply did not send a letter that satisfies the elements imposed by section 213(1-A). In reply, Kilroy refers to two specific letters dated November 20. 2002, (one of which was sent to each of the two defendants) and more generally to an "extensive exchange of information between the parties and efforts to resolve the case prior to litigation." Kilroy did not submit any letters or other written communications to which he may have referred. Four Seasons' submission includes copies of several letters that Kilroy himself sent to Four Seasons in March and May 2002 and another one, dated November 20, 2002, that Kilroy's counsel sent to Four Seasons. Although given the opportunity to do so, Kilroy did not file a reply to Four Seasons' opposition. In his reply to Northeast Sunspaces' opposition to the attorneys fees claim, Kilroy does not argue that his own letters sent to Four Seasons satisfied the requirements of section 213(1-A).[1] Rather, he argues that the letter dated November 20, 2002, along with *subsequent* communications, constituted a proper demand under the statute. Thus, the record of written demands that are available for consideration here and on which the parties rely is limited to the November 20, 2002, letter. Although that record does not

---

[1] Even if those earlier letters could be seen to satisfy section 213(1-A), they would not constitute an adequate basis for an award of attorney's fees that Kilroy seeks here. Those letters raised issues only about property damage he claims was caused by the problems with the sunroom. Because Kilroy wrote those letters prior to the date of the fall he alleges in his complaint, of course they did not make a claim for damages arising from personal injury. The personal injury aspects of this action are both discrete and substantial, and in his application for fees, Kilroy has not segregated them from the legal work that was unrelated to them. This is not a case where the court could conclude that it would be impossible to separate legal work associated with the UTPA property damage claim from the remaining legal services rendered. *See Advanced Construction Corp. v. Pilecki*, 2006 ME 84, ¶ 32, ___ A.2d ___, ___. Thus, Kilroy's own letters would not entitle him to an award of partial fees even if he had argued successfully that those letters rose to the level of a sufficient demand under the statute. Further, as far as this record shows, Kilroy sent those letters only to Four Seasons, and consequently they could not provide the basis for an award of attorney's fees by Northeast Sunspaces.

2

include the letter sent in November 2002 to Northeast Sunspace, the court can only conclude that that letter did not contain information beyond what is included in the letter of same date to Four Seasons.

The November 20, 2002, letter that Kilroy's counsel sent to Four Seasons does not meet the standards required by section 213(1-A), because it does not "reasonably describ[e] the unfair and deceptive act or practice relied upon. . . ." Rather, the letter alleges only that the leaks in the sunroom were "caused by the negligent construction and/or negligent design" of the addition.[2] Just as the mere breach of a warranty does not amount to an unfair trade practice, see Suminski v. Maine Appliance Warehouse, 602 A.2d 1173, 1174 (Me. 1992), a bald representation of mere negligence is not sufficient to invoke a UTPA claim, because to amount to an unfair trade practice, that practice must be "unfair or deceptive," see id. In the letters, Kilroy framed his claim in conventional terms of negligence; he failed to suggest that the allegedly actionable conduct was unfair or deceptive. By reading Kilroy's letter, the recipient could not reasonably be expected to realize that Kilroy was asserting a claim under the UTPA. This in turn would deprive the recipient of any fair understanding that, unlike a conventional negligence claim, he might be exposed to an obligation to pay the claimant's attorneys fees if he did not pursue the settlement mechanisms established in section 213(1-A).

Therefore, from this record, the court concludes that Kilroy is not entitled to attorney's fees, despite the jury's favorable verdict on his UTPA claim against both defendants, because he did not satisfy the statutory predicate for such an award.

The entry shall be:

On counts 4 (breach of express warranty) and 8 (UTPA), judgment is entered for plaintiff Timothy W. Kilroy and against defendant Four Seasons Solar Products in the amount of $75,000, joint and several, plus pre-judgment interest at the annual rate of 2.41%, post-judgment interest at the annual rate of 10.36%, and his costs of court.

On counts 10 (breach of contract), 13 (breach of express warranty) and 17 (UTPA), judgment is entered for plaintiff Timothy W. Kilroy and against defendant Northeast Sunspaces, Inc. in the amount of $75,000, joint and several, plus pre-judgment

---

[2] For the reasons noted above, the court assumes that the letter sent to Northeast Sunspaces includes similar language referring at least to that respondent's installation work.

3

interest at the annual rate of 2.41%, post-judgment interest at the annual rate of 10.36%, and his costs of court.

On all remaining counts of the complaint, judgment is entered for the defendants.

As between the defendants, Northeast Sunspaces shall indemnify Four Seasons for any payment on the principal of the judgment made by Four Seasons in excess of $25,000, and Four Seasons shall indemnify Northeast Sunspaces for any payment on the principal of the judgment made by Northeast Sunspaces in excess of $50,000.

For the reasons set out in this order, plaintiff Timothy W. Kilroy's request for attorney's fees is denied.

Dated: July 14, 2006

_____
Justice, Maine Superior Court

4